371 So.2d 386 (1979)
Dorales PALMISANO and Marie Barrios
v.
UNITED STATES FIDELITY & GUARANTY COMPANY and Clendon Morrison.
No. 10288.
Court of Appeal of Louisiana, Fourth Circuit.
May 4, 1979.
Rehearing Denied June 11, 1979.
Norman Mopsik, New Orleans, for plaintiffs-appellants.
Wiedemann & Fransen, Clifton A. Adcox, New Orleans, for defendants-appellees.
Before REDMANN, BEER and GARRISON, JJ.
BEER, Judge.
These proceedings result from an October 31, 1976 automobile accident. Suit was filed on August 26, 1977 by Dorales Palmisano and by the guest passenger in the Palmisano vehicle, Marie Barrios, naming, as defendants, Clendon Morrison and United States Fidelity & Guaranty Company (hereinafter, "USF&G"), alleged (incorrectly) to be Morrison's automobile liability insurer. Subsequently, on November 10, 1977, Marie Barrios filed a first supplemental and amended petition against Dorales Palmisano and her alleged liability insurer, also (correctly) USF&G. This was followed by a second supplemental petition in which Barrios correctly named United States Fidelity & Guaranty Company as the insurer of Mrs. Palmisano only, Morrison being uninsured. USF&G filed an exception of prescription which the trial court maintained and, accordingly, dismissed Barrios' suit against USF&G. She appeals.
USF&G was named as a defendant in the original suit only as the alleged insurer of *387 Morrison and was named as a defendant in the supplemental pleadings only as the alleged insurer of Palmisano. Barrios' original petition states a cause of action based on the negligence of Morrison. Her supplemental petition states a cause of action based, in the alternative, on the negligence of Palmisano.
For interruption of prescription to occur, the defendant joined after the prescriptive period has run must be solidarily liable with the defendant who was timely cited and served within the one-year period. Had Barrios alleged that Palmisano was solidarily liable with Morrison, the original (timely) suit against Morrison would have interrupted prescription in favor of Barrios and against Palmisano and her insurer, USF&G. However, there is no allegation of solidary liability between Morrison and Palmisano in the original petition. There could not be, since they (Barrios and Palmisano) are co-plaintiffs. Thereafter, in her first supplemental petition, Barrios only alleges negligence of Palmisano in the alternative.
In Farrell v. Department of Police, 290 So.2d 457 (La.App. 4th Cir. 1974), we concluded that LSA-R.S. 9:5801 is to be liberally construed so as to require only that the defendant be notified of the proceedings instituted against him in order to toll prescription. However, the original petition by Barrios and Palmisano against Morrison and (incorrectly) USF&G, can not be construed as putting USF&G on notice of a claim against them as the liability insurer of the then plaintiff, Palmisano.
Notwithstanding the observation by Mr. Justice Tate, as follows:
"If the original timely pleading gives actual notice to a party that a formal claim or defense is being made based upon a particular factual situation, no essential protective purpose of a prescriptive statute is violated by permitting relation back of a postprescriptive amendment based on the same factual situation." 43 Tul.L.Rev. 211, 232,
we must conclude that the original petition by Barrios and Palmisano did not give sufficient actual notice of the claim insofar as USF&G was concerned. They were not the insurer of Morrison and had no reason to believe that a suit against him by their insured, Palmisano, required any acknowledgment, investigation, etc. The judgment is affirmed.
AFFIRMED.
REDMANN, J., dissenting.
REDMANN, Judge, dissenting.
Trahan v. Liberty Mut. Ins. Co., La.1975, 314 So.2d 350, does not control this case. There Liberty Mutual was sued in a capacity it had, namely insurer of executive officers whom it did in fact insure; there was no mistake and on receipt of that suit Liberty Mutual properly set about its defense.
Here USF&G is sued in a capacity it did not have, namely insurer of Morrison's automobile which it knew it did not insure; there was a mistake. Any suit against USF&G arising out of the Palmisano-Morrison accident had to be based on insurance of Palmisano rather than Morrison.
Furthermore, unlike Trahan's, this case's original petition sets forth the essential factual elements of the cause of action against USF&G, with the one exception that it omits to allege that USF&G insures Palmisano. The "cause of action . . . sued upon" within R.S. 9:5801 is an intersectional collision so described that the negligence of both drivers is suggested. Accordingly, under R.S. 9:5801 the original petition interrupted "[A]ll prescriptions affecting the cause of action therein sued upon . . . as to all defendants. . . ." USF&G was an original defendant and the court in which the suit was filed was "a court of competent jurisdiction and in the proper venue" within R.S. 9:5801.
The judgment should be reversed.