767 So.2d 933 (2000)
Harold A. LAJAUNIE, Jr., Angela Lajaunie, Rachal Lajaunie, and Melinda Lajaunie
v.
COLONY INSURANCE CO., and Arthur Taylor and Allstate Insurance Company.
No. 99 CA 1771.
Court of Appeal of Louisiana, First Circuit.
September 22, 2000.
*934 Larry Minton, Alexandria, for Plaintiffs/Appellants, Harold Lajaunie, Jr., et al.
Mr. Steven Rachal, Alexandria, for Defendant/Appellee, Allstate Insurance Company.
Before: CARTER, C.J., WEIMER, J., and FONTENOT,[1] J. Pro Tem.
CARTER, C.J.
This is an appeal from a judgment granting the defendant's peremptory exception raising the objection of prescription and dismissing the plaintiffs' suit with prejudice.

FACTS
On February 9, 1986, Angela Lajaunie was involved in an accident while operating a vehicle owned by her parents, Harold and Rachal Lajaunie. Rachal Lajaunie and her other daughter, Melinda, were guest passengers in the vehicle at the time of the accident. The accident occurred when Angela rear-ended an eighteen-wheel tractor-trailer that was either stopped with its lights out or was traveling very slowly in the lane in front of Angela. Arthur Taylor was the driver of the eighteen-wheeler.

PROCEDURAL HISTORY
The original plaintiffs, Harold, Rachal, Angela and Melinda Lajaunie, timely filed suit against Taylor and his automobile liability insurer, Colony Insurance Company (Colony).[2] Minimal action was taken in the suit until June 1995, when the plaintiffs obtained new counsel. On July 10, 1998, over 12 years after the accident, the plaintiffs, including Angela Lajaunie, filed a first supplemental and amending petition, through which they named their automobile liability insurer, Allstate Insurance Company (Allstate), as a defendant. Also through this amending petition, the plaintiffs alleged for the first time, that if the court were to find that Taylor was not solely at fault in causing the accident, then alternatively, Angela was concurrently or solely at fault in causing the accident. *935 However, Angela was not made a defendant to the suit, and she remained listed as a plaintiff in the pleadings.
In August 1998, Allstate responded to the supplemental and amending petition by filing a peremptory exception raising the objections of prescription and non-joinder of a party. Allstate also filed a motion to disqualify the plaintiffs' counsel because of a conflict of interest involving his representation of Angela.
In December 1998, the plaintiffs, including Angela, settled their claims with Taylor and Colony. Pursuant to a motion filed by the plaintiffs, the trial court signed a partial judgment of dismissal, dismissing the plaintiffs' claims against Taylor and Colony, but reserving the plaintiffs' rights against Allstate, the remaining defendant.
A hearing on the peremptory exception raising the objections of prescription and non-joinder of a party, and on the motion to disqualify, was held in January 1999. During this hearing, the plaintiffs' counsel asserted for the first time that Angela was no longer a plaintiff in the case. However, there were no documents to support this assertion. At the conclusion of the hearing, the trial court denied the motion to disqualify plaintiffs' counsel, but granted the exception of prescription. Thus, the plaintiffs' claims against Allstate were dismissed with prejudice. In light of its ruling on the prescription exception, the trial court found it unnecessary to rule on the exception raising the objection of non-joinder of a party. The trial court signed a judgment dismissing the plaintiffs' claims against Allstate on April 14, 1999. All of the plaintiffs, except Angela, filed a motion for an appeal from the trial court judgment, which motion was granted.
In their brief, the appellants, Harold, Rachal and Melinda Lajaunie, assert a single assignment of errorthe trial court erred as a matter of law in granting the exception of prescription, even though prescription was interrupted by the timely filing of the suit against Taylor, a joint tortfeasor.

PRESCRIPTION
Delictual actions are subject to a liberative prescription of one year. LSA-C.C. art. 3492. Prescription is interrupted by the filing of suit in a court of competent jurisdiction. LSA-C.C. art. 3462. Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors. LSA-C.C. art. 2324 C. Ordinarily, the burden of proof is on the party pleading prescription; however, when the plaintiffs' petition has clearly prescribed on its face, as here, the burden shifts to the plaintiffs to prove that prescription has been suspended or interrupted. Additionally, if the plaintiffs' basis for claiming interruption of prescription is that the newly added defendant is a joint tortfeasor with a defendant who was timely sued, then the plaintiffs bear the burden of proving that joint tortfeasor status. See Rizer v. American Surety and Fidelity Insurance Company, 95-1200, pp.2-3 (La.3/8/96), 669 So.2d 387, 388-89.
At the hearing, no evidence was introduced. The plaintiffs argued that prescription was interrupted as to Taylor when the original suit was timely filed. They further contended that Angela and Taylor were joint tortfeasors, thus, their supplemental and amending petition asserting a direct action against Angela's automobile liability insurer, Allstate, had not prescribed. Allstate argued that Angela and Taylor are not joint tortfeasors, and that the timely filing of suit by Angela and her co-plaintiffs against Taylor and Colony was insufficient to interrupt prescription against Allstate as the insurer of Angela. Allstate relies on the fourth circuit case of Palmisano v. United States Fidelity & Guaranty Company, 371 So.2d 386 (La.App. 4th Cir.), writ granted, 374 So.2d 663(La.), dismissed, 376 So.2d 155 (La.1979), to support its argument.
In Palmisano, Dorales Palmisano (Palmisano) and her guest passenger, Marie Barrios (Barrios) were involved in an automobile *936 accident with a vehicle driven by Clendon Morrison (Morrison) on October 31, 1976. Palmisano and Barrios timely sued Morrison and USF & G, the company that the plaintiffs incorrectly thought provided automobile insurance on the vehicle operated by Morrison at the time of the accident. On November 10, 1977, one-year and ten days after the accident, Barrios filed a supplemental and amending petition naming Palmisano and her automobile liability insurer, USF & G, as additional defendants, and clarifying that USF & G was incorrectly named as the insurer of Morrison in the original petition by Palmisano and Barrios. In this supplemental and amending petition, Barrios alleged Palmisano's negligence, but only in the alternative to a finding that Morrison was at fault. USF & G filed a peremptory exception raising the objection of prescription, which was granted by the trial court. Palmisano, 371 So.2d at 386-87.
On appeal, our colleagues of the fourth circuit affirmed the trial court's grant of the prescription exception based on several grounds. First, the court noted that for interruption of prescription to occur, the defendant joined after the prescriptive period has run must be solidarily liable with the defendant who was timely cited and served within the one-year period.[3] The court further noted that there was no allegation of solidary liability between Morrison and Palmisano (the two drivers of the vehicles involved in the accident). Second, the court stated that there could not be solidary liability between Morrison and Palmisano in the original petition because Barrios and Palmisano were co-plaintiffs. Finally, the court focused on the fact that in the supplemental petition, Barrios only alleged the negligence of Palmisano in the alternative. Palmisano, 371 So.2d at 387.
We find the Palmisano case to be on point with the facts in the present case. Additionally, we find the facts in the case sub judice more strongly require the result reached by the court in Palmisano. Like Dorales Palmisano, Angela was a plaintiff at the time the original petition was filed, as well as at the time the supplemental and amending petition was filed. Also, in neither the original petition nor the supplemental petition are there any allegations of the joint tortfeasor status between Taylor and Allstate, the defendant added through the supplemental and amending petition. As was the case in Palmisano, the allegations of negligence as to Angela were raised only in the alternative to a finding that the accident was solely caused by the negligence of Taylor.
Additionally, we note that there was only a thirteen-month delay between the accident and the filing of the supplemental and amending petition in Palmisano, whereas in the present case, there was a twelve-year delay. Furthermore, the person who was allegedly also at fault in the accident, Angela, was not made a defendant in the present case, unlike in Palmisano where Dorales was named as a defendant through the supplemental petition. The first time that Allstate was named as a defendant in the present case was *937 through the supplemental and amending petition. Significantly, we note there was no evidence offered at the hearing on the exception of prescription. Accordingly, we believe the trial court correctly determined that plaintiffs' claims against Allstate had prescribed, and that the timely filing of suit against Taylor did not interrupt prescription as to Allstate.

CONCLUSION
For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellants, Harold, Rachal and Melinda Lajaunie.
AFFIRMED.
NOTES
[1] Honorable H. Ward Fontenot, 38th Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The copy of the petition contained in the record does not have a filing date. However, the parties do not dispute that the original petition was timely filed.
[3] At the time the Palmisano case was decided, LSA-C.C. art. 2324 contemplated solidary liability among tortfeasors who caused, assisted or encouraged the commission of an unlawful act. There was no reference to concurrent tortfeasors until August 1, 1980, the effective date of La. Acts 1979, No. 431, § 1. Through this act, Article 2324 was amended to provide for solidary liability among concurrent tortfeasors.

By La. Acts 1987, No. 373, subsection B was added to Article 2324. This subsection limited solidary liability among concurrent tortfeasors and provided that liability for damages caused by concurrent tortfeasors is a joint and divisible obligation, subject to certain exceptions.
Subsection C of Article 2324 was added by La. Acts 1988, No. 430, § 1, providing "Interruption of prescription against one joint tortfeasor, whether the obligation is considered joint and divisible or solidary, is effective against all joint tortfeasors."
Thus, the premise relied upon by the Palmisano court regarding the interruption of prescription as to solidary tortfeasors is equally applicable today with respect to the interruption of prescription as to joint tortfeasors.