984 So.2d 773 (2008)
Zachary WHEAT
v.
Brandon NIEVAR, Allstate Insurance Co., U.S. Agencies Casualty Insurance Company, Incorporated, and the State of Louisiana through the Department of Public Safety and Corrections, Office of State Police.
No. 2007 CA 0680.
Court of Appeal of Louisiana, First Circuit.
February 8, 2008.
*774 William Cooper, III, Baton Rouge, Louisiana, for Plaintiff/Appellant, Zachary Wheat.
Brad Brumfield, Baton Rouge, Louisiana, for Defendants, Brandon Nievar & Allstate Insurance.
Van Heard, Baton Rouge, Louisiana, for Defendant, La. Dept. of Public Safety.
Jonathon Duncan, Baton Rouge, Louisiana, for Defendant, U.S. Agencies Casualty.
Eric Pittman, Denham Springs, Louisiana, for Defendant/Appellee, Livingston Parish Sheriff's Office.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
McCLENDON, J.
Plaintiff, Zachary Wheat, appeals the district court's sustaining of the peremptory exception raising the objection of prescription filed by one of the defendants, Willie Graves, in his official capacity as Sheriff for the Parish of Livingston (Sheriffs Office). We reverse and remand.

PROCEDURAL AND FACTUAL BACKGROUND
This case arises from a two vehicle rear-end traffic accident on Interstate 12 in the Parish of Livingston, on October 30, 2003. The original timely filed petition set forth not only the place and time of the traffic accident, but also specifically asserted that plaintiffs vehicle "crested the overpass on Interstate 12 over Range Avenue [and] encountered stopped traffic conditions." Although plaintiff safely stopped his vehicle, one of the named defendants, Brandon Nievar, whose vehicle had been traveling directly behind plaintiffs vehicle, was not able to stop and hit plaintiffs truck. The original petition also alleged that the traffic was being directed by defendant, the Louisiana State Police. Plaintiff further alleged that the police should have placed a vehicle on the upslope of the crest to warn approaching cars before they crested the rise in the interstate roadway. Plaintiff asserted that the decision to place a patrol car "beyond the crest of the overpass . . . caused and/or contributed to the significant losses suffered by plaintiff Zachary Wheat."
A tort action is subject to a liberative prescriptive period of one year. LSA-C.C. art. 3492. The Sheriffs Office was added as a defendant by amended petition filed more than a year after the accident. In pertinent part, Mr. Wheat's amended petition noted that the original petition was copied "in extenso," and asserted the following additional allegations:
At the time of the accident, and in the time immediately prior to same, upon information and belief, employees of the Livingston Parish Sheriff's Office assisted the United States Border Patrol who was conducting a manhunt in an attempt to capture two men who had previously escaped their custody. This *775 manhunt and the attempt to set up a perimeter within which to search for these two escapees caused the traffic to slow in front of plaintiff and defendant [Brandon Nievar].
3.
Plaintiff alleges upon information and belief that a contributing cause of the accident, which caused his damages and other losses, was the negligence of the Livingston Parish Sheriff's Office in failing to more appropriately cordon off traffic and/or warn other motorist[s] of the traffic congestion.
4.
Plaintiff Zachary Wheat shows that [defendant] the Livingston Parish Sheriff's Office is responsible for the injuries and damages suffered by plaintiff, because of the non-exclusive list of negligent acts committed by the defendant as set forth herein below:
. . .
5 Failure to properly position authorized units in an appropriate place for warning oncoming motorists of impending danger ahead;
6 Violating state law and/or regulations with regard to providing proper emergency response to traffic congestion. . . .
On appeal, Mr. Wheat argues that the named defendants in the original petition and the Sheriff's Office are joint tortfeasors. Thus, pursuant to LSA-C.C. art. 2324, suit against one suspended prescription against any other joint obligor or tortfeasor. Additionally, Mr. Wheat, citing Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), asserts that the amended petition related back to the date of the timely filing of the original petition because the claim in question arose from the same transaction or occurrence and the Sheriff's Office had sufficient notice.
Citing Lajaunie v. Colony Insurance Co., 99-1771 (La.App. 1 Cir. 9/22/00), 767 So.2d 933, the appellee-defendant, the Sheriffs Office, argues that Mr. Wheat "failed to allege in [the] amended petition that defendants were joint tortfeasors," or that the Sheriffs Office was "jointly" liable with another defendant. In addition, the Sheriffs Office asserts that plaintiff's amending petition did not meet the requisites of Ray, and particularly points out the lack of identity between the state police and a parish sheriff's office.

APPLICABLE LEGAL PRECEPTS
If a petition has prescribed on its face, the burden shifts to the plaintiff to show that the action has not prescribed. Spott v. Otis Elevator Company, 601 So.2d 1355, 1361 (La.1992). Thus, if the plaintiffs' basis for claiming interruption of prescription is that the newly added defendant is a joint tortfeasor with a defendant who was timely sued, then the plaintiffs bear the burden of proving that joint tortfeasor status. See Rizer v. American Surety and Fidelity Insurance Company, 95-1200, pp. 2-3 (La.3/8/96), 669 So.2d 387, 388-89. When no evidence has been introduced at a hearing on an exception of prescription, all allegations of the petition are to be accepted as true. Louisiana Employers-Managed Insurance Company v. Litchfield, XXXX-XXXX, p. 3 (La.App. 1 Cir. 12/28/01), 805 So.2d 386, 387-88; see also LSA-C.C.P. art. 927 & 931.
The Louisiana Civil Code provision instituting comparative fault, article 2323, applies to the acts of "all persons causing or contributing to" a plaintiffs damages. LSA-C.C. art. 2323 A. Article 2324 C of our Civil Code provides that "[i]nterruption of prescription against one joint tortfeasor *776 is effective against all joint tortfeasors. See Marchand v. State Farm, 2003-2598, pp. 6-7 (La.App. 1 Cir. 11/3/04), 897 So.2d 643, 646-47, writ denied, 2004-2942 (La.2/4/05), 893 So.2d 879. Once a plaintiff establishes that a joint or solidary tortfeasor has been timely sued, consideration of the concept of relating back to interrupt prescription is not necessary. See Etienne v. National Automobile Ins. Co., 99-2610, p. 7 (La.4/25/00), 759 So.2d 51, 56-57; Perkins v. Willie, XXXX-XXXX, pp. 4 & 6 (La. App. 1 Cir. 4/2/04), 878 So.2d 574, 576 & 577-78.

APPLICATION OF LEGAL PRECEPTS TO THE FACTS
It is undisputed that prescription had run at the time of the amended petition's filing. Thus, Mr. Wheat bore the burden to show that prescription had been interrupted by the initial filing against a joint tortfeasor. See Rizer, 95-1200 at pp. 2-3, 669 So.2d at 388-89; Spott, 601 So.2d at 1361.
Although Mr. Wheat does not use the specific phrase "joint tortfeasor" or employ the word "jointly" in his amending petition, Louisiana is a fact pleading state that values substance over form and does not require the use of magic titles or terminology as a threshold requirement for validly pleading an action. When legally permissible, a petition should be maintained against a peremptory exception to afford a party his day in court. "Pleading is the `handmaid rather than the mistress' of justice." Teachers' Retirement System of Louisiana v. Louisiana State Employees' Retirement System, 456 So.2d 594, 596 (La.1984), quoting Erath Sugar Company, Ltd. v. Broussard, 240 La. 949, 125 So.2d 776, 777 (1961); see also LSA-C.C.P. art. 854.
In Lajaunie, the case cited by the Sheriffs Office, plaintiffs: Howard, Angela, Rachal, and Melinda Lajaunie, sued Arthur Taylor, the defendant driver, and his insurer. By an amending petition, filed after prescription had run, the Lajaunie plaintiffs named their insurer, Allstate Insurance Company (Allstate) as a defendant, and, for the first time, alternatively alleged that if Mr. Taylor was not solely at fault, one of the plaintiffs, Angela Lajaunie, was concurrently or solely at fault. However, Angela was never named as a defendant. In response to the amending petition, Allstate filed a peremptory exception raising the objection of prescription. Subsequently, all the plaintiffs settled their claims against Mr. Taylor and his insurer, and those defendants were dismissed. The trial court then granted Allstate's exception and dismissed Allstate from the suit, with prejudice. The dismissal of Allstate was challenged on appeal by the Lajaunie plaintiffs, with the exception of Angela. The appellants argued that the filing of the original suit against a joint tortfeasor interrupted prescription. Lajaunie, 99-1771 at pp. 2-3, 767 So.2d at 934-35.
In the Lajaunie appeal, this court noted that no evidence was presented at the hearing on the exception of prescription, and the opinion itself provided no specific allegations of fact from the petitions. Based on Angela's status as a plaintiff at the time of the filing of both the original petition and untimely amending petition, the assertion of fault in the alternative, and on the absence of "allegations of the joint tortfeasor status between Taylor and Allstate," we affirmed Allstate's dismissal. Lajaunie, 99-1771 at pp. 5-6, 767 So.2d at 936-37.
To interpret Lajaunie's reference to the lack of "allegations of the joint tortfeasor status" as mandating the use of specific terms, such as "jointly" or "joint *777 tortfeasor," is an invalidly narrow and speculative interpretation. See Doyle v. Mitsubishi Motor Sales of America, Inc., 99-0459 & 0460, pp. 5-6 (La.App. 1 Cir. 3/31/00), 764 So.2d 1041, 1044-45, writ denied, XXXX-XXXX (La.6/16/00), 765 So.2d 338 (interruption of prescription based on factual allegations that all the defendants were at fault). In the instant case, the plaintiff alleged in the amending petition that the Sheriffs Office "contributed" to his damages. More importantly, plaintiff alleged specific acts by the Sheriffs Office that, when taken as true, were at least minimally sufficient to assert some fault on the part of the Sheriff's Office, which leads to the status of joint tortfeasor with one or more of the original defendants. For example, reading both petitions together, Mr. Wheat alleged that the "[f]ailure to properly position authorized units in an appropriate place for warning oncoming motorists of impending danger ahead," combined with the driver's act of being unable to stop after cresting the overpass, caused the damage. Based on those allegations and others alleged in the petitions, read in light of the applicable jurisprudence, we must find that the timely filed suit against the original one, or more, joint tortfeasors interrupted prescription against the Sheriffs Office. See Doyle, 99-0459 & 0460 at p. 6, 764 So.2d at 1044-45. Of course, this in no way establishes or predicts the plaintiffs ability to prove that any actions by the Sheriffs Office actually contributed to the plaintiffs damages.
For these reasons, we reverse the judgment dismissing the suit against the Sheriffs Office and remand the case to the district court for further proceedings. The costs of the appeal are assessed against appellee-defendant, Willie Graves, in his official capacity as the Sheriff of Livingston Parish.
REVERSED AND REMANDED.
GAIDRY, J., concurs and assigns reasons.
McDONALD, J., concurs.
GAIDRY, J., agreeing and assigning additional reasons.
While I agree with the majority's analysis and the result, I provide these additional reasons simply to clarify the well-settled point that there is no such legal entity as a "sheriff's office"; there is only the sheriff. See Valentine v. Bonneville Ins. Co., 96-1382, pp. 4-5 (La.3/17/97), 691 So.2d 665, 668; Slocum v. Litchfield, 07-0006, p. 3 (La.App. 1st Cir.6/8/07), 964 So.2d 1006, 1007, writ denied, 07-1412 (La.10/5/07), 964 So.2d 943; Jenkins v. Larpenter, 04-0318, p. 2 n. 1 (La.App. 1st Cir.3/24/05), 906 So.2d 656, 657 n. 1, writ denied, 05-1078 (La.6/17/05), 904 So.2d 711. I realize that the plaintiff actually used the term "Sheriff's Office" to designate the Sheriff in his petition, but the Sheriff appeared and answered the suit in his proper legal capacity. Simply on the grounds of style and accuracy, we as a court should not perpetuate the plaintiff's technical error in improperly designating that defendant.