WELCH, J.
li>The plaintiff, Thomas McKenzie, appeals a trial court judgment sustaining the peremptory exception raising the objection of prescription filed by defendant, the State of Louisiana, through the Department of Transportation and Development (“DOTD”), and dismissing the plaintiffs claims against DOTD with prejudice. For reasons that follow, we reverse and remand for further proceedings.

FACTUAL AND PROCEDURAL HISTORY

On October 19, 2008, the plaintiff was traveling westbound on Interstate 10 in St. Tammany Parish when Sharon Braud, who was traveling eastbound on the interstate, crossed over the median and collided with the vehicle driven by the plaintiff. The collision caused the plaintiffs vehicle to leave the paved roadway and ultimately crash on the embankment. As a result of *45 the incident, the plaintiff sustained various personal injuries.'
On November 24, 2008, the plaintiff filed a petition for damages in the Thirty-Fourth Judicial District Court (“34th JDC”) for the Parish of St. Bernard, naming as defendants Sharon Braud;[1] her automobile liability insurer, Imperial Fire and Casualty Insurance Company (“Imperial”); and the plaintiffs uninsured/underinsured motorist insurer, State Farm Insurance Company (“State Farm”).[2] Following a settlement of the plaintiffs claims against State Farm, on | ¡¡September 9, 2009, State Farm was dismissed with prejudice from the suit, reserving the rights of the plaintiff to proceed against the remaining defendants.
On October 13, 2010, the plaintiff filed a supplemental and amended petition for damages in the 34th JDC. The amended petition copied the original petition “in extenso ” and added an additional defendant, DOTD, which allegedly had responsibility for maintaining the median where the accident at issue took place. With regard to DOTD, the plaintiff alleged that DOTD was both negligent and strictly liable for the plaintiffs injuries, because it failed to provide an adequate barricade in the median of the interstate where the accident occurred.
Based on a settlement of claims with the plaintiff, on November 16, 2010, Imperial, Sharon Braud, and the Estate of Sharon Braud were dismissed with prejudice from the suit, with a reservation of rights against all remaining defendants. The DOTD then filed, in response to the plaintiffs petition, a declinatory exception raising the objection of improper venue. In the exception, DOTD sought a transfer of this suit to St. Tammany Parish, based on allegations that St. Bernard Parish was an improper venue pursuant to La. R.S. 13:5104(A)[3] and because St. Tammany Parish was the most convenient forum.
On June 24, 2011, the trial court sustained the exception and ordered this case transferred to the Twenty-Second Judicial District Court (“22nd JDC”) for St. *46 Tammany Parish. Once the case was transferred to the 22nd JDC, on January 18, 2012, DOTD filed an answer to the plaintiffs petition and supplemental and amended petition, essentially denying the factual allegations of the petitions. ^Additionally, on January 30, 2012, DOTD filed a peremptory exception raising the objection of prescription, claiming that the plaintiffs supplemental and amended petition naming it as a defendant was not filed and served on them until two years after the accident at issue and that the supplé-mental and amended petition did not relate back to the original petition under La. C.C.P. art. 1153,[4] because it did not comply with the criteria established by the supreme court in Ray v. Alexandria Mall, 434 So.2d 1083, 1086-87 (La.1983).[5] After a hearing, the trial court sustained the objection of prescription and dismissed the plaintiffs claims against DOTD with prejudice.[6] A judgment in accordance with the trial court’s ruling was. signed on May 2, 2012, and it is from this judgment that the plaintiff has appealed.
On appeal, the plaintiff contends that the trial court erred in sustaining the exception, because the defendants named in the original petition ■ and the DOTD are joint tortfeasors. He argues that under La. C.C. arts. 2324(C) and 3462, his timely original suit against the defendants/joint tortfeasors named therein interrupted prescription as to all other joint tortfeasors, including DOTD. Accordingly, the plaintiff.claims that his suit against DOTD was not prescribed.
I ,LAW AND DISCUSSION

Standard of Review

Generally, the trial court’s factual findings on a peremptory exception raising the objection of prescription, such as the date on which prescription begins to run, are reviewed on appeal under the manifest error-clearly wrong standard of review. Gilmore v. Whited, 2008-1808 (La.App. 1st Cir.3/31/09), 9 So.3d 296, 299. However, in this case, the issue of whether the plaintiffs action was prescribed involves the proper application and interpretation of La. C.C. arts. 2324(C) and 3462. The proper application and interpretation of a statute is a question of law. Gilmore, 9 So.3d at 299. Therefore, on review, this court must determine whether the trial court was legally correct or legally incorrect in determining that the plaintiffs claims against DOTD were prescribed.[7]

*47
Prescription

A claim for personal injuries is a delictual action subject to a liberative prescriptive period of one year, which commences to run from the day injury or damage is sustained. La. C.C. art. 8492. The objection of prescription may be raised by a peremptory exception. See La. C.C.P. art. 927(A)(1). At the trial of a peremptory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. However, when no evidence has been introduced at a hearing on an exception of prescription, as in this case, all allegations of the petition are to |fibe accepted as true. Wheat v. Nievar, 2007-0680 (La.App. 1st Cir.2/8/08), 984 So.2d 773, 775.
Ordinarily, the party pleading the objection of prescription bears the burden of proving the claim has prescribed. Hogg v. Chevron USA, Inc., 2009-2632 (La.7/6/10), 45 So.3d 991, 998. However, if a petition has prescribed on its face, the burden shifts to the plaintiff to show that the action has not prescribed. Wheat, 984 So.2d at 775. In this case, DOTD was named as a defendant in the plaintiffs lawsuit by an amended petition filed almost two years after the accident. Thus, the plaintiffs claims against DOTD are prescribed on the face of the petition, and the plaintiff bears the burden of proving that his claim has not prescribed.
The plaintiff contends that DOTD is a joint tortfeasor with Sharon Braud, Imperial, and State Farm, that prescription was interrupted when he filed suit against Sharon Braud, Imperial, and State Farm in the 34th JDC, and thus, the interruption of prescription against Sharon Braud, Imperial, and State Farm interrupted prescription as to DOTD, citing La. C.C. art. 2324(C).
When the plaintiffs basis for claiming interruption of prescription is that the newly added defendant is a joint tortfeasor with a defendant who was timely sued, then the plaintiff bears the burden of proving that joint tortfeasor status. Wheat, 984 So.2d at 775. Additionally, the plaintiff will also bear the burden of establishing that prescription had been timely interrupted against a joint tortfeasor. Id. at 776.

Joint Tortfeasor

Louisiana Civil Code article 2323(A), which instituted comparative fault, provides that “[i]n any action for damages where a person suffers injury, death, or loss,” the fault of “all persons causing or contributing to the injury, death, or loss shall be determined.” In determining whether liability for damages is a solidary or a joint and divisible obligation, La. C.C. art. 2324(A) provides that “[h]e who |7conspires with another person *48 to commit an intentional or willful act” is solidarity liable “with that person, for the damage caused by such act.” If liability is not solidary, then “liability for damages caused by two or more persons shall be a joint and divisible obligation.” La. C.C. art. 2324(B).
According to the record, the plaintiff alleged in his original petition that Sharon Braud was negligent and that, as a direct and proximate result of her negligence, the plaintiff suffered injuries and damages for which the defendants were liable. In the supplemental and amended petition, the plaintiff alleged that DOTD was negligent and strictly liable to the plaintiff for his injuries. In both the original and supplemental petition, the plaintiff alleged specific acts (or failures to act) by Sharon Braud and DOTD, that, when taken as true, are sufficient to establish some fault on the part of both Sharon Braud and DOTD for the plaintiffs injuries, thereby making Sharon Braud and DOTD joint tortfeasors. For example, reading both petitions together, the plaintiff alleged that Sharon Braud’s negligence in driving her vehicle off of the eastbound lane of the interstate, across the median, and into the westbound lane of the interstate, combined with DOTD’s failure to provide an adequate barricade in the median strip of the interstate for the purpose of separating the oncoming lanes of traffic, were the cause of the plaintiffs damages. Thus, based on the allegations of the petitions, we must conclude that, for purposes of this exception, that plaintiff has established that Sharon Braud (and her liability insurer) and DOTD are joint tortfeasors.[8]
According to La. C.C. art. 2324(C) “[i]n-terruption of prescription against one joint tortfeasor is effective against all joint tort-feasors.” Thus, we must next determine whether the plaintiff established that prescription was timely interrupted against a joint tortfeasor, thereby interrupting prescription against DOTD.
| ^Interruption of Prescription
Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it. Bailey v. Khoury, 2004-0620 (La.1/20/05), 891 So.2d 1268, 1275. Prescription may be renounced, interrupted, or suspended. See La. C.C. arts. 3449 through 3472.
According to La. C.C. art. 3462, “[prescription is interrupted when ... the obli-gee commences action against the obligor, in a court of competent jurisdiction and venue[;]” however, “[i]f action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.” (Emphasis added.) An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. La. C.C. art. 3463.
DOTD argued in its exception that this suit was commenced against it in an improper venue, based on La. R.S. 13:5104(A), which provides:
All suits filed against the state of Louisiana or any state agency or against an officer or employee of the state or state agency for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the state capítol is located or in the district *49 court having jurisdiction in the parish in which the cause of action arises.
Given that venue was improper with respect to DOTD, DOTD contends that since it was not served within the first year of the accident, under La. C.C. art. 3462, interruption of prescription as to DOTD never occurred, that La. C.C. art. 2324(C) is inapplicable, and that the plaintiffs claims against it are prescribed.
However, the plaintiff contends that it timely commenced the action in a court of competent jurisdiction and venue, that the suit interrupted prescription as to the defendants named therein, and since one (or more) of those defendants are alleged joint tortfeasors with DOTD, La. C.C. art. 2324(C) mandates that | ¡interruption of prescription also occurred with respect to DOTD. The plaintiff further argues that under La. C.C. art. 3463, the interruption of prescription has remained in effect because the suit was still pending when it filed the amended petition, and thus, the amended petition was filed within the prescriptive period and his claims are not prescribed. We agree.
According to the plaintiffs petition, both the plaintiff and the defendant, Sharon Braud, were domiciled in St. Bernard Parish, and the accident occurred in St. Tammany Parish. Thus, this action, initially filed in the 34th JDC for the Parish of St. Bernard, satisfied proper jurisdictional and venue requirements when suit was commenced. See La. Const, art. V, § 16(A) and La. C.C.P. arts. 42(1), 73(A), and 76. With regard to the interruption of prescription, La. C.C. art. 3462 “looks to whether venue was proper at the time suit was commenced, not whether venue is currently proper.” Moore v. Kmart Corporation, 884 F.Supp. 217, 219 (E.D.La.1995); see also La. C.C. art. 3463, comment (f) (“[i]ssues of interruption of prescription are determined as of time of filing of the suit sought to be dismissed”). This comports with the standard of strict construction required of prescription statutes and the clear wording of La. C.C. art. 3462, and does not lead to absurd consequences.[9] Accordingly, we find that when the plaintiff commenced suit on November 24, 2008, in the 34th JDC for the Parish of St. Bernard (approximately one month after the accident), prescription was interrupted. See La. C.C. art. 3462. Pursuant to La. C.C. art. 2324(C), this interruption of prescription was effective against all joint tortfeasors. And this interruption continues as long as this suit is pending. See La. C.C. art. 3463.
Although the plaintiffs petition was subsequently amended on October 13, 2010, to include DOTD (an alleged joint tortfeasor) as a defendant, and the action |10then became subject to the mandatory venue provisions set forth in La. R.S. 13:5104(A) and was transferred to the 22nd JDC for St. Tammany Parish (where the accident occurred), this does not change the fact that when the suit was commenced, jurisdiction and venue were proper, and thus, prescription had already been interrupted when the petition was amended.
In this case, we are not presented with the situation where suit was initially commenced in an improper venue.[10] Rather, *50 this suit, when commenced, was filed in a court of proper jurisdiction and venue; however, .venue subsequently became improper because of a mandatory venue provision for governmental claims, when DOTD (an alleged joint tortfeasor) was added as a defendant. This is a particularly unusual issue, because in most suits, proper venue as to one joint tortfeasor is usually considered proper venue as to all other joint tortfeasors. See La. C.C.P. art. 78. Thus, the jurisprudence on this issue is limited.
In Bell v. Kreider, 2003-0800 (La.App. 5th Cir.9/16/03), 858 So.2d 58, writ denied, 2003-2875 (La.1/9/04), 862 So.2d 986, the fifth circuit court of appeal addressed a similar issue. Therein, the plaintiffs were involved in an automobile accident on the Greater New Orleans Expressway, commonly referred to as the “causeway bridge.” Id. at 59. Almost a year after the accident, the plaintiffs filed two identical suits against the alleged tortfeasor in two different venues — one suit was filed in the Civil District Court for Orleans Parish (“the CDC suit”) and the other was filed in the Twenty-Fourth Judicial District Court for the Parish of Jefferson (“the first 24th JDC suit”). Id. at 60. Apparently, all three-1T T defendants were served and subsequently filed answers in response to the CDC suit; however, no service was requested or any other action taken against the defendants in the first 24th JDC suit. Id.
Almost four years after the original petitions were filed, on May 14, 2002, the plaintiffs amended both the CDC suit and the first 24th JDC suit to add as defendants, the Greater New Orleans Expressway Commission (“GNOEC”), Timothy Fondren (GNOEC’s executive director), and John Brock (a GNOEC policeman). Id. In the CDC suit, these newly added defendants filed a declinatory exception raising the objection of improper venue, based on La. R.S. 13:5104, which the trial judge in the CDC suit sustained, and the case was then transferred to Jefferson Parish, where it remained pending. Id. In the first 24th JDC suit, the newly added defendants filed a motion to dismiss the suit on the basis of abandonment, which the trial judge in the first 24th JDC suit granted; however, the plaintiffs moved to vacate that order of dismissal, and that issue was taken under advisement by the trial judge in that matter. Id.
Contemporaneous with the filing of the amended petitions, the plaintiffs also filed a separate new suit in the Twenty-Fourth Judicial District Court for Jefferson Parish (“the second 24th JDC suit”), involving the same accident and same defendants as the other suits. Id. In the second 24th JDC suit, GNOEC and Brock filed peremptory exceptions raising the objection of prescription, which the trial judge in the second 24th JDC suit sustained, and the plaintiffs appealed. Id. at 60-61.
On appeal, the plaintiffs argued that prescription had been interrupted by the timely filed CDC suit as to the original defendants, and pursuant to La. C.C. art. 2324(C), interruption of prescription also timely occurred with respect to joint tort-feasors GNOEC and Brock. Id. at 63-64. And since the interruption of | ^prescription remained in effect against all defendants throughout the pending liti *51 gation of the CDC suit, the second 24 JDC suit was timely filed. Id.
The fifth circuit court of appeal affirmed the ruling of the trial judge in the second 24th JDC suit. Relying on La. C.C. art. 3462, the court concluded that since the action was not originally filed in a court of proper venue as to GNOEC and Brock, prescription was not interrupted as to those defendants, who were not served within the one-year prescriptive period. Accordingly, interruption of prescription had never occurred as to those defendants, and the claims against them had prescribed. Id. at 64-65.[11]
Although we respect the opinions expressed by our brethren in the fifth circuit court of appeal, we disagree with their opinion in Bell and decline to adopt their reasoning on this issue. First, we note that the sole issue before the court in Bell related to the trial judge’s ruling on the issue of prescription as to the second 24 JDC suit; the decision did not disclose the ultimate outcome of either the first 24th JDC suit or of the CDC suit after it was transferred to the 24th JDC, which is the situation more factually similar to the case before us.
Additionally, the fifth circuit, despite noting that “the CDC suit[,] which was brought against the original defendants^] satisfied proper jurisdictional and venue requirements,” Id. at 63, failed to recognize that once the suit was commenced in a proper jurisdiction and venue, prescription was interrupted. In concluding that interruption of prescription never occurred, the fifth circuit reasoned that the unique circumstances of this case exposed a conflict between La. C.C. arts. 2324(C) and 3462, and that La. C.C. art. 3462 ultimately controlled, because that article directly addressed the issue of prescription with respect to suits filed in the | l3wrong venue. While we agree with the underlying premise espoused by the court (that where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail, see Guitreau v. Kucharchuk, M.D., 99-2570 (La.5/16/00), 763 So.2d 575, 579), we do not find a conflict between La. C.C. arts. 2324(C) and 3462. Louisiana Civil Code article 3462 sets forth the rule that prescription is interrupted either (1) by filing a suit in a competent court and proper venue, or (2) by service of process within the prescriptive period. Once the interruption of prescription occurs as provided in La. C.C. art. 3462, as between joint tortfeasors, then interruption of prescription is effective against all joint tort-feasors under La. C.C. art. 2324(C). Furthermore, even if there were a conflict between the two articles, we find that La. C.C. art. 2324(C) is the statute directly addressed to the issue of interruption of prescription with regard to joint tortfea-sors, whereas La. C.C. art. 3462 simply addresses the interruption of prescription by the filing of suit in general. Thus, in the event of a conflict, La. C.C. art. 2324(C) would ultimately control.
In Nunnery v. Elmore, 2001-1766 (La. App. 1st Cir.10/2/02), 835 So.2d 645, this court was also faced with a similar, but distinguishable, situation. In Nunnery, the plaintiffs, who were guest passengers in an automobile owned by Bernard Carr and driven by Willie Nunnery, were in *52 volved in an automobile accident on March 7, 1998, in Hammond, Louisiana. The accident occurred as Nunnery was driving in a funeral procession and was struck by a vehicle driven by Elmore. Id. at 646. Approximately two months after the accident, on May 15, 1998, the plaintiffs filed suit in Hammond City Court against Carr, Nunnery, Elmore, and Elmore’s liability insurer, seeking damages for injuries sustained in the accident. Id. Approximately seven months after the accident, on December 16, 1998, Nunnery filed a separate lawsuit in the Twenty-First Judicial District Court 114(“2lst JDC”) for Tangipahoa Parish, alleging the defendants’ liability for injuries he sustained, based on the same operative facts. Id. Nunnery’s lawsuit named the City of Hammond[12] as a defendant, in addition to Elmore and her liability insurer. Id.
On June 21, 1999, a joint motion to transfer the plaintiffs’ lawsuit from the Hammond City Court to the 21st JDC was filed in the city court. This was apparently done for the convenience of the parties, and the motion noted that the plaintiffs’ claims were not in excess of the jurisdictional amount of the Hammond City Court. Id. The motion was granted. Additionally, pursuant to a motion filed by Elmore and her liability insurer in the 21st JDC following the transfer, the plaintiffs’ lawsuit and Nunnery’s lawsuit were consolidated. The plaintiffs then filed an amending and supplemental petition on November 19, 1999, naming the City of Hammond as a defendant. Id. The City of Hammond responded by filing a peremptory exception raising the objection of prescription, which the trial court sustained, and the plaintiffs then appealed. Id. at 646-47.
On appeal, this court affirmed the ruling of the trial court that the plaintiffs’ claims against the City of Hammond were prescribed. Id. at 648. In doing so, this court found that the plaintiffs had commenced their action against Carr, Nunnery, Elmore, and her liability insurer in the Hammond City Court — a court that had no jurisdiction over the City of Hammond (a political subdivision of the state), according to La. C.C.P. art. 4847(A)(6). Id. Since the Hammond City Court was not a court of competent jurisdiction, and because the plaintiffs could not establish that the City of Hammond was served within the prescriptive period, this court concluded that, under La. C.C. art. 3462, the plaintiffs’ claims against the City of Hammond were untimely. Id.
| xsWe find that Nunnery is factually distinguishable from the case before us, and therefore, is inapplicable to this case. Although this court recognized in Nunnery, 835 So.2d at 647, that the interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors, this court’s decision that the initial suit in Hammond City Court did not serve to interrupt prescription as to the City of Hammond was based solely on the fact that the Hammond City Court ultimately lacked subject matter jurisdiction over the action, that this lack of jurisdiction could not be waived, and that “the parties could not by their consent confer jurisdiction upon the Hammond City Court.” Id. at 648; see also La. C.C.P. art. 3.
In this case, the suit was initially commenced in a court of competent jurisdiction and venue; however, the action subsequently became subject to the mandatory venue provisions of La. R.S. *53 13:5104(A). Although the venue requirements of La. R.S. 13:5104 are mandatory, they are waivable. See Franques v. Evangeline Parish Police Jury, 625 So.2d 157 (La.1993). Thus, the question of commencing an action in a court of proper jurisdiction and commencing an action in a court of proper venue present two very different issues. “Venue provisions are significantly different from jurisdictional provisions.” Underwood v. Lane Memorial Hospital, 97-1997 (La.7/8/98), 714 So.2d 715, 716.
Accordingly, we find that the plaintiff established that when he commenced suit on November 24, 2008 (approximately one month after the accident) in the 34th JDC for the Parish of St. Bernard against the defendants named therein, jurisdiction and venue were proper. Under the clear language of La. C.C. art. 3462, prescription was thus timely interrupted as to the defendants named therein, ie., Sharon Braud, Imperial (her liability insurer), and State Farm (the plaintiff’s uninsured/underinsured motorist insurer). Because the plaintiff also alleged that Sharon Braud (and her liability insurer) and DOTD are joint tortfeasors, this | ^interruption of prescription as to Sharon Braud (and her liability insurer) was effective against all joint tortfeasors, including DOTD. La. C.C. art. 2324(C). Furthermore, this interruption of prescription continues as long as this suit is pending. See La. C.C. art. 3463. Accordingly, when the plaintiff filed the amended petition to include DOTD, prescription had already been interrupted, and thus, the amended petition was timely.[13]
CONCLUSION
For all of the above and foregoing reasons, the May 2, 2012 judgment of the trial court, sustaining the peremptory exception raising the objection of prescription filed by the State of Louisiana, through the Department of Transportation and Development, and dismissing the plaintiffs claims against the State of Louisiana, through the Department of Transportation and Development, is reversed, and this matter is remanded for further proceedings.
All costs of this appeal, in the amount of $1,099.78, are assessed to defendant/appel-lee, the State of Louisiana, through the Department of Transportation and Development.
REVERSED AND REMANDED.

. Apparently, Sharon Braud is now deceased, and on November 24, 2009, the trial court signed an ex parte motion and order to substitute Ms. Braud’s heirs, Rita Mae Tucker and Neils C. Sand, III, as defendants in this matter. See La. C.C.P. arts. 801 and 802.

. The record before us contains two other petitions for damages filed in the Twenty-Second Judicial District Court for the Parish of St. Tammany by the plaintiff based on the same operative facts. The first petition, bearing docket number 2008-15,979 was filed on November 12, 2008, and is identical to the petition filed in the 34th JDC for the Parish of St. Bernard. The second petition, bearing docket number 2009-16,228, was filed on October 19, 2009 and is almost identical to the other two petitions, except that it named two additional defendants — the Estate of Sharon Braud and Daimler Chrysler Corporation and/or Chrysler Motors Corporation and/or The Chrysler Group ("Chrysler”), which allegedly manufactured the vehicle the defendant was driving at the time of the accident— and also alleged that there were unreasonably dangerous defects in the design of the vehicle driven by the defendant, of which Chrysler failed to warn. These two petitions were attached to a memorandum in support of an exception filed by DOTD hereinafter discussed, but the record does not reveal anything further about the disposition of these two petitions.

.Louisiana Revised Statutes 13:5104(A) provides:
All suits filed against the state of Louisiana or any state agency or against an officer or employee of the state or state agency for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted ■ before the district court of the judicial district in which the state capítol is located or in the district court having jurisdiction in the parish in which the cause of action arises.

. Louisiana Code of Civil Procedure article 1153 provides: "When the action or defense asserted .in the amended petition or answer arises out of. the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.”

. The criteria set forth by the supreme court in Ray, 434 So.2d at 1086-87, for determining whether La. C.C.P. art. 1153 allows an amendment that changes the identity of the party, or parties sued to- relate back to the date of filing of the original petition, are:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for.a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

. No evidence was offered by either party at • this hearing.

. The trial court sustained the exception on the basis that DOTD was not solidarity liable with the original defendants, and this ruling *47 appears to have been based on the argument of counsel. The record before us does not contain any allegation that the original defendants and the DOTD "conspire[d] with [each other] to commit an intentional or willful act" against the plaintiff. See La. C.C. art. 2324(A). Thus, solidary liability between DOTD and the original defendants is not an issue in this case, and the trial court may have erroneously required the plaintiff to establish solidary liability in order for there to have been an interruption of prescription. However, appeals are taken from judgments and not the reasons for judgment or the reasons why a trial court reached a particular result. See Huang v. Louisiana State Bd. of Trustees for State Colleges and Universities, 99-2805 (La.App. 1st Cir. 12/22/00), 781 So.2d 1, 6. Accordingly, the issue before this court is the propriety of the trial court’s ruling that the plaintiffs claims against DOTD were prescribed, not the reason that it reached that particular result.

. By our decision herein, we make no determination as to whether DOTD will be ultimately liable to the plaintiff for his damages.

. When the words of a statute are clear and unambiguous, and the application of the law does not lead to absurd consequences, the statute should be applied as written. La. C.C. art. 9; La. R.S. 1:4; Succession of Faget, 2010-0188 (La. 11/30/10), 53 So.3d 414, 420.

. See, e.g., Rico v. Clarke, 2009-1360 (La. App. 1st Cir.3/26/10), 36 So.3d 309 311 writ denied, 2010-0958 (La.6/25/10), 38 So.3d 343, (where service of process was made on the defendant and his employer two months after the prescriptive period had run, prescription was not interrupted because "suit was com *50 menced in a court of improper venue. ” (Emphasis added.)); and Barbarin v. Wal-Mart Stores, Inc., 2001-0669 (La.App. 5th Cir.11/27/01), 804 So.2d 116, 118 (where the plaintiff "initially filed suit in an improper venuefj” and the defendant “was not served with [that] suit until after the prescriptive period on the claim had run[J ... under La. C.C. [afrt. 3462 prescription was not interrupted on the [plaintiff’s] claim by the mere filing of the suit. ”)

. See also Fuselier v. Kansas City Southern Ry. Co., 2006-0118 (La.App. 5th Cir.8/29/06), 940 So.2d 26, writ denied, 2006-2355 (La. 12/8/06), 943 So.2d 1096, following Bell and holding that the timely filing of a suit in federal court against a railroad did not interrupt prescription as to the Parish of St. John (which was not a party to the federal suit) in a subsequent suit in state court against that parish.

. It was alleged that the City of Hammond was negligent for creating an appearance of police protection and then failing to warn funeral procession motorists of disengagement from that protection. Nunnery, 835 So.2d at 646.

. Once a plaintiff establishes that a joint tortfeasor has been timely sued, consideration of the concept of relating back under La. C.C.P. art. 1153 to interrupt prescription is not necessary. Wheat, 984 So.2d at 776; see also Perkins v. Willie, 2003-0126 (La.App. 1st Cir.4/2/04), 878 So.2d 574, 578. Accordingly, we need not address DOTD’s contention that the amended petition did not relate back to the original petition under La. C.C.P. art. 1153 because it did not comply with the criteria established by the supreme court in Ray, 434 So.2d 1083.
Additionally, based on our conclusion that prescription was interrupted by commencement of suit in a court of proper jurisdiction and venue, we need not determine whether prescription was interrupted by service of process on a defendant within the prescriptive period. See La. C.C. arts. 1799, 2324(C), and 3503 and Wimberly v. Brown, 2007-0559 (La.App. 5th Cir. 11/27/07), 973 So.2d 75, 77-80 (the timely filing of a suit in a court of improper venue interrupts prescription as to the defendant or his solidary obligors served by process within the prescriptive period, thus, the timely filing and service of process on two solidary obligors interrupted prescription as to the service on the third solidary obligor, who was not served until almost two years after the accident; as such, prescription remained interrupted while suit was pending, and service on the third solidary obligor occurred within the prescriptive period.)