McCLENDON, J.
Appellant seeks review of a trial court judgment sustaining the appellee's peremptory exception raising the objection of prescription. For the following reasons, we reverse.
FACTS AND PROCEDURAL HISTORY
On May 15, 2013, Eryon Luke (plaintiff) filed suit against her former employer, CPIace Forest Park SNF, LLC, d/b/a Nottingham Regional Rehab Center (Nottingham). She alleged, among other things, that Nottingham terminated her due to *997 her pregnancy, in violation of both federal and state law.[1] Plaintiff also alleged that Nottingham violated LSA-R.S. 23:342(4), concerning unlawful employment practices, by refusing to temporarily transfer her to a less strenuous or hazardous position for the duration of her pregnancy.[2] Following removal to federal court and a complex procedural history resulting in dismissal of plaintiff's federal claims,[3] plaintiff's state law claims were remanded to state district court on November 4, 2014.
On November 28, 2016, plaintiff filed a Supplemental and Amended Petition, seeking to add Traditions Senior Management, Inc. (Traditions) as an additional defendant. Plaintiff alleged that Traditions was also her employer and that both Traditions and Nottingham had violated the Louisiana Employment Discrimination Law ("LEDL") by failing to accommodate plaintiff during her pregnancy. Plaintiff also reiterated the prayer of her original petition and sought judgment against the defendants jointly and in solido.
On January 10, 2017, Traditions filed a peremptory exception raising the objection of prescription. Traditions noted that claims brought under the LEDL were subject to a one-year prescriptive period. See LSA-R.S. 23:303(D). Because plaintiff had been terminated on May 24, 2012, Traditions contended that plaintiff's claims against it prescribed no later than May 24, 2013. As such, Traditions asserted that plaintiff's amended petition filed on November 28, 2016 was untimely. In opposition, plaintiff asserted that her claims against Traditions related back to the filing of the original petition since Traditions was aware of plaintiff's claims and of the underlying litigation, given its close working relationship with Nottingham.
Following a hearing, the trial court sustained the exception raising the objection of prescription and dismissed plaintiff's claims against Traditions with prejudice. Plaintiff has appealed, seeking review of the trial court's judgment granting Traditions' exception of prescription.
DISCUSSION
As a general rule, prescription statutes "are strictly construed against prescription and in favor of the obligation sought to be extinguished." Taranto v. Louisiana Citizens Property Ins. Corp., 10-0105 (La. 3/15/11), 62 So.3d 721, 726. Ordinarily, the party urging prescription bears the burden of proof at trial of the exception; however, if the petition is prescribed on its face, the burden shifts to the *998 plaintiff to show the action is not prescribed. Taranto, 62 So.3d at 726.
We note that both the parties and the trial court focused on whether plaintiff's amended petition adding Traditions as a defendant related back to her timely filed petition against Nottingham. See LSA-C.C.P. art. 1153.[4] However, if Nottingham and Traditions are either joint tortfeasors or solidary obligors then a timely filed suit against one would interrupt prescription against the other and the discussion of relation back under LSA-C.C.P. art. 1153 would be moot See McKenzie v. Imperial Fire and Cas. Ins. Co., 12-1648 (La.App. 1 Cir. 7/30/13), 122 So.3d 42, 53 n.13 ("Once a plaintiff establishes that a joint tortfeasor has been timely sued, consideration of the concept of relating back under La. C.C.P. art. 1153 to interrupt prescription is not necessary."); see also Wheat v. Nievar, 07-0680 (La.App. 1 Cir. 2/8/08), 984 So.2d 773, 776 and Perkins v. Willie, 03-0126 (La.App. 1 Cir. 4/2/04), 878 So.2d 574, 578.
The interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs. LSA-C.C. arts. 1799 and 3503. If such liability is not solidary, then "liability for damages caused by two or more persons shall be a joint and divisible obligation." LSA-C.C. art. 2324(B). "Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." LSA-C.C. art. 2324(C).
In her supplemental and amending petition, the plaintiff alleged that the defendants were liable "jointly and in solido." See LSA-C.C. art. 2324.[5] Also, in opposition to Traditions' exception raising the objection of prescription, the plaintiff introduced the deposition of Donna Duplantis, *999 Traditions' Regional Director of Human Resources. Ms. Duplantis testified that she "oversaw" the Nottingham facility and that her job duties included approving disciplinary actions. Ms. Duplantis indicated that she, along with supervisory employees of both Nottingham and Traditions, made the decision that there were no accommodations that Nottingham could make that would enable plaintiff to continue in her position.[6] Additionally, Ms. Duplantis testified:
When we realized Ms. Luke would not be able to perform the duties of this job or any job that we had available without a whole other person being paid to work [alongside] her, which we felt was-would be an unreasonable accommodation, we placed her and-and gave her notice in mail and I think also verbally that we would place her on leave in accordance with the Louisiana pregnancy statute, which gives up to four months if there is a problem pregnancy.
* * *
The leave was up after-we gave her up to the four months. And she was still unable to perform the job duties for the job for which she was hired. I-I don't know if she called Rachael Carcamo [with Nottingham] or if Rachael just came to me on her own as a result of reviewing the payroll that-I don't remember why. But after the four months was up, Rachael contacted me and said should we knock her off of payroll, should we terminate her employment. And I did-I believe I contacted Heather McKamey [Traditions' Vice President of Human Resources] directly because I felt that-I did feel like she should be terminated off of the payroll. There was-you know, we had complied with the statute and there was no reason to keep her on a list, basically.
And I did contact-I don't remember if it was e-mail or by phone, but I did contact Ms. McKamey, who agreed, and we terminated her employment through a letter.
Based on the allegations in both petitions and considering the foregoing testimony, we conclude that the timely filed suit against Nottingham, a joint tortfeasor with Traditions, interrupted prescription against Traditions. See LSA-C.C. arts. 2324(C) and 3462[7] ; see also McKenzie, 122 So.3d at 49. Accordingly, we reverse the judgment of the trial court in this regard and overrule Traditions' exception of prescription.[8]
In light of our conclusion, consideration of the concept of relation back under LSA-C.C.P. art. 1153 is moot. See McKenzie, 122 So.3d at 53 n.13. Moreover, given our ruling, we pretermit plaintiff's second assignment of error concerning whether the trial court erred in failing to allow her the opportunity to present oral argument at the exception hearing.
*1000 CONCLUSION
For the foregoing reasons, we reverse the trial court's May 26, 2017 judgment sustaining Traditions' peremptory exception raising the objection of prescription and dismissing plaintiff's claims against Traditions with prejudice. We overrule the exception, and we remand this matter to the trial court for further proceedings. Costs of this appeal are assessed against appellee, Traditions Senior Management, Inc.
REVERSED AND REMANDED.

Plaintiff asserted that defendant specifically violated the following: Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ; the Family and Medical Leave Act of 1993, 29 U.S.C. 2601, et seq., 29 C.F.R. Part 825; the Louisiana Employment Discrimination Law, LSA-R.S. 23:301, et seq.

Louisiana Revised Statutes 23:342 provides, in pertinent part:
It shall be an unlawful employment practice unless based upon a bona fide occupational qualification:
* * *
(4) For any employer to refuse to temporarily transfer a pregnant female employee to a less strenuous or hazardous position for the duration of her pregnancy if she so requests, with the advice of her physician, where such transfer can be reasonably accommodated, provided, however, that no employer shall be required by this Part to create additional employment which the employer would not otherwise have created, nor shall such employer be required to discharge any employee, transfer any employee with more seniority, or promote any employee who is not qualified to perform the job.

Plaintiff has appealed the federal district court's dismissal of her federal claims.

Under Article 1153, "when the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth ... in the original pleading, the amendment relates back to the date of filing the original pleading." In Ray v. Alexandria Mall, 434 So.2d 1083, 1086-87 (La. 1983), the Louisiana Supreme Court established the following criteria for determining whether article 1153 allows an amendment which changes the identity of the party or parties sued to relate back to the date of filing of the original petition:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute [or added] defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute [or added] defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute [or added] defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

Louisiana Civil Code article 2324 provides:
A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.
B. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.
C. Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.

Ms. Duplantis indicated that the decision was discussed among herself; Mr. Roy Bridges, Traditions' Chief Operating Officer; Heather McKamey, Traditions' Vice President of Human Resources; Rachael Carcamo, a Nottingham employee; and Nottingham's Director of Nursing.

Louisiana Civil Code article 3462 provides, in part:
Prescription is interrupted ... when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

Our finding regarding prescription in no way establishes or predicts the plaintiff's ability to prove that any actions by Traditions or Nottingham actually caused or contributed to the plaintiff's alleged damages.