LWALTZER, Judge.
STATEMENT OF THE CASE
On 6 July 1987, Alfred Scheeler lost control of his truck after hitting a puddle of water on Louisiana Highway 39 in St. Bernard Parish (Parish). The truck, carrying three young boys, struck a stopped Parish garbage truck driven by Wallace Couture and occupied by Roland Rossignol and Henry J. Rogers, all of whom were employed by the Parish. Five suits were filed, and, following a bifurcated trial, a liability judgment was rendered on 20 March 1995. On appeal, this Court rendered an opinion on 8 May 1996. The Louisiana Supreme Court granted writs, and amended this Court’s opinion, recasting fault in the following proportions: Alfred Scheeler 80% and St. Bernard Parish Police Jury 20%, and remanded the case to the trial court.
In the interim, the trial court tried the damage issues, awarding damages to Mr. and Mrs: Michael Shepard in the amounts of $505,583.76 for Matthew Shephard’s wrongful death and $40,000 for Matthew’s survival action; to Alfred Scheeler in the amount of $425,765.10; to Wallace Couture in the amount of $244,137.33 and to Roland Rossignol in the amount of $244,831.29. On appeal, this Court reduced the award for Matthew Shepard’s survival action to $7500; reduced Alfred Scheeler’s award to $418,765.10; reduced Wallace Couture’s award to $219,137.33 and reduced Roland Rossignol’s award to $194,831.29. In all other respects, we affirmed the judgment of the trial court.
|2On remand from the Louisiana Supreme Court, the trial court on 15 January 1998 rendered judgment dismissing all claims against the State of Louisiana through the Department of Transportation and Development; amending this Court’s decree to cast Alfred Scheeler to be 80% at fault and the Parish Police Jury to be 20% at fault; dismissing Couture’s and Rossig-nol’s claims due to settlement; awarding Alfred Scheeler $83,753.02 representing 20% of his proven damages, plus legal interest and all costs from the Parish Police Jury; and rendering judgment in favor of Mr. and Mrs. Michael Shepard in the full sum of their damages, $513,083.76 against Alfred Scheeler and the Parish Police Jury jointly, severally and in solido plus all costs and legal interest from the date of judicial demand.
The Parish suspensively appealed. Sharyn Scheeler answered the appeal, denying the assignment of error and asking that the Shephard judgment be assessed solely against the Parish Police Jury. The Scheeler interests contend that the withdrawal by the Shephards of $10,000 deposited by Scheeler’s insurer in the registry of the court released their claims against Scheeler and his insurer. We amend the judgment and, as amended, affirm.
ASSIGNMENT OF ERROR: The trial court erroneously applied an incorrect version of La.C.C. article 2324 in ruling that the Parish Police Jury is liable in solido with Alfred Scheeler, despite the Parish’s having been allocated only twenty-percent fault.
As part of the Tort Reform Act of 1996, Act 3 of the Louisiana legislature amended both La.C.C. arts. 2323 and 2324(B). At the time of the accident, La. C.C. art. 2324(B) provided that if liability is not solidary pursuant to 2324(A) |aor otherwise as provided by law, then liability for damages caused by two or more persons shall be solidary only to the extent necessary for the person suffering injury, death or loss to recover fifty percent of his recoverable damages. The 1996 amendment deleted solidarity and provided that in applicable cases liability among tort-feasors shall be a joint and divisible obligation, and a joint tort-feasor shall not be liable for more than his degree of fault.
The Parish Police Jury contends that the trial court should have applied the amendment retroactively to this accident, which occurred in 1987. This issue was resolved in Aucoin v. State of Louisiana, through the Dept. of Transp. and Develop *304 ment, 97-1938, 97-1967 (La.4/24/98), 712 So.2d 62, which-held that although Act 3’s amendment of 2323 was merely procedural legislation to be applied retroactively (See, Keith v. United States Fidelity & Guaranty Company, 96-2075 (La.5/9/97), 694 So.2d 180), the amendment to La.C.C. art. 2324(B) made a substantive change to the law and, under the authority of La.C.C. art. 6, can have only prospective application. We conclude that the Parish Police Jury is liable in solido with Scheeler for fifty-percent of plaintiffs’s damages.
We note that the judgment makes no reference to the fifty-percent of damages limit to the Parish Police Jury’s solidarity, and amend the judgment to read:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Mr. and Mrs. Michael Shephard in the full sum of $513,083.76 and against Alfred Scheeler and the St. Bernard Parish Police jury, jointly and severally, and in solido to the extent of fifty-percent of the She-phards’s damages.
JjANSWER OF APPELLEES, SHARYN SCHEELER, ET AL, TO THE PARISH POLICE JURY’S APPEAL
Sharyn and Alfred Scheeler seek reversal of the judgment below insofar as it casts Alfred Scheeler for eighty percent of the Shephards’s damages. In Champion Insurance Company v. Wallace C. Couture, et al, No. 58-885 on the docket of the Thirty-Fourth Judicial District Court, Champion, as the Scheelers’s insurer, deposited its policy limits in the registry of the court on 12 September 1988. By consent judgment of 29 September 1989, the trial court awarded $10,000 plus legal interest to the Shephards. The judgment concluded:
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that except as specifically provided herein and in the order of this court signed on September 13, 1988, all rights and actions accruing to each of the above named claimants and defendants in con-cursus, or asserted by them in their respective suits hereinabove referred to, whether against the petitioner in concur-sus herein or any other person, firm, or corporation, or against one another, be and the same are hereby reserved, to remain in full force and effect.
Accepting as correct the copy of the judgment attached to the Scheelers’s brief on appeal[1], we find no basis for their suggestion that the concursus judgment operates to release them, as Champion’s insured, from further liability to respond in damages. The judgment provides clearly for reservation of the Shephards’s rights against not only Champion, but also “any other person ... or against one another.”
In the Scheelers’s brief on appeal, counsel argued his entitlement to a contractual attorney’s fee and contends the Parish Police Jury cannot seek | ^contribution against Scheeler. The record does not contain any evidence that either of these issues was raised below and neither is addressed in the trial court’s amended judgment. We will not consider them on appeal.
The answer to appeal is without merit. CONCLUSION AND DECREE
The Amended Judgment of 4 February 1998 is amended to read, in part, as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Mr. and Mrs. Michael Shephard in the full sum of $513,083.76 and against Alfred Scheeler and the St. Bernard Parish Police jury, jointly and severally, and in solido to the extent of fifty-percent of the She-phards’s damages.
*305 AMENDED AND, AS AMENDED, AFFIRMED.

. The petition and judgment in the concursus proceeding are not in the record on this appeal of No. 58-885. Copies of those two documents are attached to the Scheelers’s brief on this appeal.