I,KUHN, J.
Plaintiffs-appellants, Belinda Nunnery, Shimita Nunnery, and Tammy Pines (plaintiffs), appeal a judgment dismissing defendant-appellee, the City of Hammond (the City), from their lawsuit, which seeks damages for personal injuries allegedly sustained in an automobile accident. We affirm.
PROCEDURAL BACKGROUND
On May 15, 1998, plaintiffs filed a petition for damages in the Hammond City Court naming as defendants, Bernard Carr, Willie Nunnery (Nunnery), Amy El- *646 more and her liability insurer, State Farm Mutual Insurance Company (State Farm).[2] According to the allegations of plaintiffs’ original petition, they were guest passengers in a vehicle owned by Carr and driven by Nunnery on March 7, 1998, in Hammond, Louisiana. As Nunnery drove the Carr vehicle in a funeral procession line, a vehicle driven by Elmore entered into the intersection and struck the Carr vehicle, causing personal injuries to plaintiffs.
Nunnery filed a separate lawsuit in the Twenty-First Judicial District Court on December 16, 1998, alleging liability for injuries he sustained based on the same operative facts. Nunnery’s lawsuit named the City as a defendant in addition to Elmore and State Farm. According to the allegations of Nunnery’s petition, City police officers obstructed traffic at several intersections which were otherwise controlled by traffic lights as the funeral procession proceeded on the perpendicular roadway. Nunnery’s petition details with specificity the method the City police officers undertook to control traffic at the various intersections that adjoined the roadway used for the funeral procession. He avers that the City was negligent for creating an appearance of police protection and then failing to warn funeral procession motorists of disengagement from that protection. The parties do not dispute the timeliness of Nunnery’s claims against the City.
laOn June 21, 1999, a joint motion to transfer plaintiffs’ lawsuit from the Hammond City Court to the Twenty-First Judicial District Court was filed in the city court. Seeking the transfer for the convenience of the parties, the joint motion noted that plaintiffs’ claims were not in excess of the jurisdictional amount of the city court. The city court judge signed an order transferring plaintiffs’ lawsuit to district court on June 22, 1999. And pursuant to a motion filed by Elmore and State Farm, on August 10, 1999, the district court judge signed an order consolidating from another division of the Twenty-First Judicial District Court plaintiffs’ lawsuit with Nunnery’s lawsuit.
Plaintiffs then filed an amending and supplementing petition on November 19, 1999, naming the City as a defendant in their lawsuit for the first time. The City filed a peremptory exception of prescription[3] on January 4, 2000.[4] After argu *647 ments, the district court judge sustained the exception and dismissed the City from plaintiffs’ lawsuit. A judgment, expressly noting that it was a full and final judgment insofar as the liability of the City for plaintiffs’ claims,[5] was signed by the district court judge on January 29, 2001.[6] Plaintiffs appeal.
LANALYSIS
Under La. C.C. art. 3492, a tort action is subject to a liberative prescriptive period of one year from the day the injury or the damage is sustained. Ordinarily, the burden is on the party raising the objection of prescription to prove the facts supporting the objection. But if plaintiffs’ claims are prescribed on the face of the petition, the burden shifts to plaintiffs to prove a suspension or interruption of the prescriptive period. In the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and all allegations thereof are accepted as true. Doyle v. Mitsubishi Motor Sales of America, Inc., 99-0459, p. 5 (La.App. 1st Cir.3/31/00), 764 So.2d 1041, 1044, writ denied, 00-1265 (La.6/16/00), 765 So.2d 338.
The City was named as a defendant in plaintiffs’ lawsuit over one year and eight months after the accident. Thus, their claims are prescribed on the face of the petition and plaintiffs bear the burden of proof.
Louisiana Civil Code article 2324C provides, “Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.” Relying on this article, plaintiffs contend that the filing of their original petition for damages in city court against Carr, Nunnery, Elmore and State Farm interrupted prescription against the City. And because their action against the City asserted in the later-amended and supplemented petition arises out of the conduct, transaction, or occurrence set forth in their original petition filed in city court, see La. C.C.P. art. 1153,[7] plaintiffs urge that it relates back to that pleading. Therefore, under La. C.C. art. 2324G, plaintiffs assert, their timely-filed lawsuit interrupting prescription against Carr, Nunnery, Elmore, and State Farm was effective against the City. We disagree.
According to La. C.C. art. 3462:
| .¡Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
Jurisdiction is the legal power and authority of a court to hear and determine an *648 action and to grant the relief to which the parties are entitled. La. C.C.P. art. 1. Subject matter jurisdiction is that which enables a court to hear a particular class of actions or proceedings based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. And subject matter jurisdiction cannot be conferred upon a court by-consent of the parties. La. C.C.P. art. 3. A city court has no jurisdiction in a case in which the state, or a parish, municipal, or other political corporation is a defendant. La. C.C.P. art. 4847A(6).
According to the allegations of plaintiffs’ first amending and supplementing petition filed on November 19, 1999, the City is “a municipal corporation.” And in its answer to Nunnery’s lawsuit, the City “admits that it is a political subdivision of the State of Louisiana.” Pursuant to La. Const. Art. VI, § 44(2) and (3), the City of Hammond is a political subdivision of the State of Louisiana. Thus, plaintiffs commenced their action against Carr, Nunnery, Elmore, and State Farm in the Hammond City Court, a court that has no jurisdiction in this case in which the City, a political subdivision of the State of Louisiana, is a defendant. See also La. R.S. 13:5104B (requiring all suits against a political subdivision of this state be instituted in the district court of the judicial district in which the political subdivision is located). Procedural rights peculiar to one case are not rendered applicable to a companion case by the mere fact of consolidation; each case must stand on its own merits. ANR Pipeline Co. v. Louisiana Tax Comm’n, 01-2594, p. 6, 815 So.2d 178, 183 (La.App. 1st Cir.3/20/02). As such, the Hammond City Court was an incompetent court under La. |fiC.C. art. 3462, and plaintiffs must show that the City was served with process within the one-year prescriptive period.
The record establishes, and the parties do not dispute, that the City was first served with plaintiffs’ lawsuit after the matter was transferred to district court when they amended and supplemented their petition to name the City as a defendant, eight months after the accrual of prescription. And assuming as true the representation made in the transfer motion (that all counsel who had made an appearance in both plaintiffs’ and Nunnery’s lawsuits agreed to the transfer, which ostensibly included the City),[8] because the parties could not by their consent confer jurisdiction upon the Hammond City Court, the plaintiffs’ claims against the City are nevertheless untimely. Accordingly, the trial court correctly concluded plaintiffs’ claims against the City are prescribed.
CONCLUSION
For these reasons, the trial court’s judgment dismissing plaintiffs’ claims against the City of Hammond is affirmed. Appeal costs are assessed against Belinda Nunnery, Shimita Nunnery, and Tammy Pines.
AFFIRMED.
WALTER I. LANIER, Jr., J. Pro Tern., concurs in the result.

. Nunnery's alleged liability insurer was also named as defendant in plaintiffs' petition but was dismissed from the lawsuit via summary judgment after establishing it did not provide coverage for this accident.

. Since the 1960 revision of the Code of Civil Procedure, as matter of law, there are only three types of exceptions: declinatory, dilatoty, and peremptory. La. C.C.P. art. 922. As a matter of law, all defenses previously denominated exceptions were reclassified as objections. See the introduction to Chapter 3 of Book 2 of the Code of Civil Procedure by Henry G. McMahon, and La. C.C.P. arts. 921-934 and the Official Revision Comments for them. Sources of law are legislation and custom. La. C.C. art. 1. Legislation is a solemn expression of legislative will; it is not a solemn expression of the executive will or the judicial will. La. Const. Art. II; La. C.C. art. 2. Custom results from practice repeated for a long time and generally accepted as having acquired the force of law. La. C.C. art. 3. It is arguable that the practice of calling an objection an exception has established a custom. However, a custom may not abrogate legislation. La. C.C. art. 3. Therefore, the custom of calling an objection an exception technically is not legal, violating positive law. See La. C.C.P. art. 921-934. But for brevity and reader ease, despite the technical violation, we refer to the "peremptory exception raising the objection of prescription” simply as an "exception of prescription.''

.The City also asserted that plaintiffs' petition failed to state a cause of action against urging that no factual allegations of fault had been set forth in the November 19, 1999, *647 amending, and supplementing petition. But a second amending and supplementing petition filed by plaintiffs has cured that deficiency, and on appeal the City contends only that it is entitled to dismissal from plaintiffs' lawsuit because their claims against it have prescribed.

. See La. C.C.P. art. 1915A(1).

. Although the parties do not complain, and we find no prejudicial error, we note that while the judgment states the matter came “on for Motion for Summary Judgment” in its preambulary paragraph, the record is devoid of any pleading seeking summary judgment by any party subsequent to the transfer of plaintiffs’ lawsuit from city to district court.

.Louisiana Code of Civil Procedure article 1153 provides, "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.”

. The City answered Nunnery's lawsuit on February 26, 1999, prior to June 21, 1999, filing date of the motion to transfer.