GAIDRY, J.
 

 |?In this case, the defendant appeals a trial court decision overruling its exception of prescription. We reverse.
 

 FACTS AND PROCEDURAL HISTORY
 

 This case arises out of an automobile accident that occurred in East Baton Rouge Parish on August 19, 2002 between Jose F. Rico, Sr. and David Clarke, a police officer with the Baton Rouge Police Department.
 

 On August 18, 2003, Rico and his wife, individually and on behalf of their minor children, filed suit in the 40th Judicial District court for the Parish of St. John the Baptist against Clarke; Clarke’s employer, the City of Baton Rouge (“the City”); and their UM carrier, State Farm Insurance Company (“State Farm”).
 
 [1]
 
 Clarke was served with the petition on October 3, 2003, and the City was served on October 17, 2003. The petition requests that service on State Farm be withheld.
 

 Clarke and the City filed several exceptions, including an exception of improper venue, which was set for hearing on December 19, 2003. The exception states that, as a political subdivision of the State of Louisiana, La. R.S. 13:5104 requires the City to be sued in the judicial district in which it is located or in which the cause of action arises, which in either case is the 19th Judicial District Court for the Parish of East Baton Rouge. Prior to the hearing on the exception of improper venue, Rico submitted an “Order to Transfer,” requesting that his suit be transferred to the 19th Judicial District Court, “where venue is proper.” The order was signed by the court on December 9, 2003, and a certificate of transfer was issued, transferring the suit to the 19th Judicial District Court, on December 15, 2003.
 

 liiOn October 14, 2005, Clarke and the City filed an exception of prescription, alleging that because venue in the 40th Judicial District Court was improper as to Clarke and the City, and they were not served with the suit during the prescriptive period, prescription was not interrupted by the filing of the suit in the 40th Judicial District Court, and as such, the claims against them were prescribed. In opposing the exception of prescription, Rico admitted that venue in St. John the Baptist Parish was improper as to the City and Clarke, but claimed that the suit was not prescribed because he requested service on the City and Clarke within one year of the accident. The court overruled the exception of prescription.
 

 
 *311
 
 State Farm was eventually served with the petition on November 8, 2005, and it filed a motion for involuntary dismissal, which was granted. The plaintiffs’ claims against State Farm were dismissed without prejudice on February 7, 2006.
 

 Prior to trial, the City stipulated to liability and plaintiffs dismissed their claims against Clarke. The plaintiffs also dismissed the claims of their minor children. A jury trial was held, after which judgment was rendered in favor of the plaintiffs and against the City in the amount of $188,000.00. This appeal by the City followed. The City also filed an exception of prescription with this court.
 

 DISCUSSION
 

 Venue in this matter is governed by La. R.S. 13:5104(B), which provides that “[a]ll suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court 14having jurisdiction in the parish in which the cause of action arises.” (Emphasis added). This venue provision is mandatory; a political subdivision can only be sued in one of the two specified parishes, and no other exceptions are applicable.
 
 Colvin v. Louisiana Patient’s Compensation Fund Oversight Bd.,
 
 06-1104, p. 5 (La.1/17/07), 947 So.2d 15, 19. Under the facts of this case, there is only one parish in which venue is proper under La. R.S. 13:5104(B) — East Baton Rouge Parish. Plaintiffs admitted that venue in the 40th Judicial District Court was improper in both their pleading requesting a transfer of venue to the 19th Judicial District court and in their opposition to the exception of prescription.
 

 When a petition is filed in a court of improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period. La. C.C. art. 3462. In this case, service was made on the City on October 17, 2003, almost two months after prescription had run. Since the suit was commenced in a court of improper venue, prescription was not interrupted, and the plaintiffs’ claims against the City were prescribed. The trial court erred in overruling the City’s exception of prescription. Accordingly, the trial court judgment in favor of the plaintiffs and against the City is reversed, the City’s exception of prescription is sustained, and plaintiffs’ claims against the City are dismissed with prejudice.
 

 DECREE
 

 For the reasons outlined above, the judgment in favor of plaintiffs and against the City is reversed, the City’s exception of prescription is sustained, and the plaintiffs’ claims against the City are dismissed with prejudice. Costs of this appeal are assessed to plaintiffs, Jose and Jewel Rico.
 

 REVERSED; EXCEPTION OF PRESCRIPTION SUSTAINED; DISMISSED WITH PREJUDICE.
 

 [1]
 

 . Rico incorrecdy named his UM carrier, State Farm Mutual Automobile Insurance Company, as "State Farm Insurance Company" in the suit.