STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-922


RENEKA SHEPARD ON BEHALF OF

HER MINOR CHILD LYNKEITH JAMES, JR.

VERSUS

GEORGE COLEMAN, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 252,981
HONORABLE GEORGE CLARENCE METOYER JR, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and D. Kent Savoie, Judges.


**WRIT DENIED.**


**Amy, J., concurs and would deny the writ, finding no error in the trial court's ruling.**

**Stephen D. Wheelis**
**Richard A. Rozanski**
**Shawn M. Bordelon**
**Wheelis & Rozanski**
**P. O. Box 13199**
**Alexandria, LA 71315-3199**
**(318) 445-5600**
**COUNSEL FOR DEFENDANTS/APPLICANTS:**
    **City of Alexandria**
    **George Coleman**

**Paul Mantle Lafleur**
**Attorney at Law**
**P. O. Box 1711**
**Alexandria, LA 71309**
**(337) 487-4910**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
    **State Farm Mutual Auto Ins. Co.**

**Benjamin D. James**
**Cory P. Roy**
**Brandon J. Scott**
**Roy & Scott**
**107 North Washington Street**
**Marksville, LA 71351**
**(318) 240-7800**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Reneka Shepard o/b/o Lynkeith James, Jr.**

**SAUNDERS, J.**

The relators, George Coleman and the City of Alexandria (the city), seek a supervisory writ from the judgment of the trial court, which denied the relators' exception of prescription.

## STATEMENT OF THE CASE

The incident giving rise to this suit occurred on U.S. Highway 165 in Rapides Parish, Louisiana, on March 17, 2014. Lynkeith James, Sr. (Lynkeith, Sr.) was driving a vehicle in which Lynkeith James, Jr. (Lynkeith, Jr.) was a passenger. Plaintiff, Reneka Shepard, is the owner of the vehicle and is Lynkeith, Jr.'s mother. The petition avers that a rock fell from the vehicle proceeding ahead of Plaintiff's vehicle. The City of Alexandria owned the vehicle from which the rock allegedly fell; its employee, George Coleman, was the driver of the city's vehicle. The rock struck Plaintiff's vehicle, allegedly causing damage to it and causing Lynkeith, Jr. to sustain personal injuries.

On March 17, 2015, Plaintiff initially filed suit in Avoyelles Parish, Louisiana, naming as Defendants the relators and State Farm Mutual Automobile Insurance Company as the uninsured/underinsured motorist insurer for Reneka Shephard.[1] Although the caption of the case indicates that Ms. Shephard is appearing only on behalf of her minor child, paragraph VIII of the petition clearly advances a claim on behalf of Ms. Shephard, individually, for property damages, loss of use of the vehicle while it was being repaired, and towing and storage charges.[2]

---

[1] Plaintiff avers in the first paragraph of her petition that she is a resident and domiciliary of Avoyelles Parish, Louisiana.

[2] The record does not reflect that the error in the caption was noticed or corrected.

The relators filed an exception of improper venue, apparently relying on La.R.S. 13:5104(A).[3] The trial court granted the exception by a written judgment, which reads, in pertinent part:

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Declinatory Exception of Improper Venue by **GEORGE COLEMAN and THE CITY OF ALEXANDRIA** is hereby GRANTED as this Court finds the 12th Judicial District Court to be a court of [i]mproper venue for this matter pursuant to the Governmental Claims Act, La. R.S. 13:5101 *et seq.*
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this matter be transferred to the 9th Judicial District Court for the Parish of Rapides, Louisiana.

Thus, upon transfer of the case to the Ninth Judicial District Court, the relators filed their Peremptory Exception of Prescription. In this exception, the relators contended that Plaintiff's suit was prescribed since the suit was originally filed on the last day of prescription in a court of improper venue and each Defendant was not served until after the running of the one year prescriptive period. Plaintiff opposed the exception of prescription arguing that because the suit had been timely filed in a court of proper venue as to State Farm, the suit acted to interrupt prescription as to all joint tortfeasors; thus, Plaintiff argued that the timely suit against State Farm acted to interrupt prescription as to the relators.

A hearing was held on the exception of prescription at which hearing no evidence was introduced. The trial court denied the exception without reasons.[4] The relators have filed the instant writ application praying for reversal of this ruling and for dismissal of Plaintiff's suit as prescribed.

---

[3] Neither the relators nor the respondent, Ms. Shepard, who filed an opposition memorandum to the writ application in this court, attached a copy of the relators' exception of improper venue. Therefore, we must rely on the allegations of the memoranda, the attachments thereto, and the judgment on the exception of improper venue to surmise the basis for the exception.

[4] No transcript of the hearing has been provided to this court; therefore, the statement that no oral reasons were given by the trial court is based on the statements made in the memoranda filed in this court.

## SUPERVISORY RELIEF

A court of appeal has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time, according to the discretion of the court. In cases in which a peremptory exception has been overruled by the trial court, the appellate court appropriately exercises its supervisory jurisdiction when the trial court's ruling is arguably incorrect, a reversal will terminate the litigation, and there is no dispute of fact to be resolved. In such instances, judicial efficiency and fundamental fairness to the litigants dictate that the merits of the application for supervisory writs should be decided, in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits. *Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So.2d 878 (La.1981) (per curiam).

*Charlet v. Legislature of State of Louisiana*, 97−0212, p. 6 (La.App. 1 Cir. 6/29/98), 713 So.2d 1199, 1202, *writs denied*, 98−2023, 98−2026 (La. 11/13/98), 730 So.2d 934.

## ON THE MERITS

One line of cases out of the Louisiana First Circuit Court of Appeal finds that prescription is not interrupted as to governmental defendants for whom venue is improper pursuant to La.R.S. 13:5104(A), even though suit was filed in a court of proper venue as to a joint tortfeasor. *E.g. Rico v. Clarke*, 09-1360 (La.App. 1 Cir. 3/26/10), 36 So.3d 309, *writ denied*, 10-958 (La. 6/25/10), 38 So.3d 343; *Nunnery v. Elmore*, 01-1766, 01-1767 (La.App. 1 Cir. 10/2/02), 835 So.2d 645. However, a more recent case out of that circuit reaches a contrary result. Finding that the latter first circuit decision advances the more reasonable approach and reaches the more appropriate conclusion, we affirm the trial court's ruling in this case.

In *Rico*, 36 So.3d 309, suit was initially filed in St. John the Baptist Parish against a Baton Rouge Police Officer (David Clarke), the City of Baton Rouge, and

3

the plaintiffs' UM carrier, for injuries allegedly sustained in a vehicular accident.[5] The city and police officer filed an exception of improper venue, asserting that, because the city is located in East Baton Rouge Parish and that is where the accident happened, East Baton Rouge Parish only was a parish of proper venue for the suit pursuant to La.R.S. 13:5104(A). The plaintiffs voluntarily filed a motion to transfer their suit to the Nineteenth Judicial District Court for East Baton Rouge Parish, which motion the trial court granted. Once the suit had been transferred, the city and police officer filed an exception of prescription because the suit was not served on any defendant within the one year period following the accident. In their motion to transfer the suit, the plaintiffs stated that St. John the Baptist Parish was a parish of improper venue for their suit, and they again repeated their admission in an opposition which was filed in response to the city's and police officer's exception of prescription. The UM carrier was dismissed without prejudice, but the basis for this dismissal is not clear from the opinion. The court of appeal reversed the trial court's denial of the exception of prescription and ordered the suit dismissed.[6]

In *Nunnery*, 835 So.2d 645, suit was initially filed in Hammond City Court for damages sustained in a vehicular accident.[7] However, the plaintiffs and defendants jointly moved to transfer the city court action to district court. The motion was granted. When plaintiffs amended that action to add the city, the city

---

[5] The case never states that the plaintiffs were residents of St. John the Baptist Parish. We can only speculate that they were and that this is the reason that they filed suit against their UM carrier in that parish.

[6] The exception of prescription was re-urged in the appellate court on an appeal from the money judgment rendered against the city after the city admitted liability and a jury awarded the plaintiffs damages.

[7] A separate lawsuit was filed in the Twenty-First Judicial District Court by another plaintiff, and the City of Hammond was named as an original defendant in that action.

4

filed its peremptory exception of prescription. The trial court granted the exception and dismissed the city from the suit.

On plaintiffs' appeal of that decision, the first circuit affirmed. Despite the plaintiffs' argument that the addition of the city should relate back to the initial filing, the appellate court stated:

> [P]laintiffs commenced their action against Carr, Nunnery, Elmore, and State Farm in the Hammond City Court, a court that has no jurisdiction in this case in which the City, a political subdivision of the State of Louisiana, is a defendant. *See also* La. R.S. 13:5104B (requiring all suits against a political subdivision of this state be instituted in the district court of the judicial district in which the political subdivision is located). Procedural rights peculiar to one case are not rendered applicable to a companion case by the mere fact of consolidation; each case must stand on its own merits. *ANR Pipeline Co. v. Louisiana Tax Comm'n*, 01-2594, p. 6, 815 So.2d 178, 183 (La.App. 1st Cir.3/20/02). As such, the Hammond City Court was an incompetent court under La. C.C. art. 3462, and plaintiffs must show that the City was served with process within the one-year prescriptive period.
>
> The record establishes, and the parties do not dispute, that the City was first served with plaintiffs' lawsuit after the matter was transferred to district court when they amended and supplemented their petition to name the City as a defendant, eight months after the accrual of prescription. And assuming as true the representation made in the transfer motion (that all counsel who had made an appearance in both plaintiffs' and Nunnery's lawsuits agreed to the transfer, which ostensibly included the City), because the parties could not by their consent confer jurisdiction upon the Hammond City Court, the plaintiffs' claims against the City are nevertheless untimely. Accordingly, the trial court correctly concluded plaintiffs' claims against the City are prescribed.

835 So.2d at 648 (footnote omitted).

The fifth circuit also faced a similar case to the instant one in *Bell v. Kreider*, 03-300 (La.App. 5 Cir. 9/16/03), 858 So.2d 58, *writ denied*, 03-2875 (La. 1/9/04), 862 So.2d 986. Again, as a result of a vehicular accident, suit was filed, this time in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, for an accident which occurred on the Greater New Orleans Expressway. Suit was also filed in the Civil District Court for the Parish of Orleans. Eventually, plaintiffs

added governmental entities and employees who excepted to venue in the Orleans Parish suit since the governmental interests were in Jefferson Parish. The Orleans suit was transferred to Jefferson Parish, and the first Jefferson Parish suit was dismissed on the basis of abandonment.[8]

Plaintiffs filed a new suit in Jefferson Parish district court naming the subject governmental parties. Those parties excepted based on prescription, and the trial court granted the exception, dismissing the second-filed Jefferson Parish suit. The fifth circuit affirmed that decision stating:

> The issue before us is a very narrow one in light of the very unusual procedural circumstances which have developed in this litigation. At issue herein is whether the interruption of prescription as to joint tortfeasors, as contemplated under La. Civil Code Article 2324(C), is applicable where venue is improper as to one or more joint tortfeasors. Neither side to these proceedings has been able to offer any jurisprudential authority directly bearing on this issue. The Court notes that the occurrence of such an issue seems rather rare given that proper venue as to one joint tortfeasor is usually considered proper venue as to all other joint tortfeasors in most suits.

> To the extent that the unique circumstances of this case expose a conflict between La. Civil Code Articles 2324(C) and 3462, we hold that Article 3462 ultimately controls. "Where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail." *Guitreau v. Kucharchuk, M.D.*, 99-2570 (La.5/16/00), 763 So.2d 575, 579. Of the two provisions, the language of La. Civil Code Article 3462 directly addresses the issue of prescription with respect to suits filed in the wrong venue.

> When an action is not filed in the correct venue, LA-C.C. Art. 3462 clearly states that interruption only occurs as to those defendants served within the prescriptive period. Neither the second 24th JDC suit nor the CDC suit was timely served on Officer Brock and the GNOEC within one year from the automobile accident that occurred on December 30, 1998. Accordingly, interruption never occurred as to these defendants and the claims set forth against them in the second 24th JDC suit had prescribed as of December 30, 1999.

858 So.2d at 64-65 (footnote omitted).

---

[8] The appellate decision mentions that the ruling dismissing the first action on the basis of abandonment was being challenged at the time of the appeal in the related action.

6

More recently, in *McKenzie v. Imperial Fire and Cas. Ins. Co.*, 12-1648 (La.App. 1 Cir. 7/30/13), 122 So.3d 42, *writ denied*, 13-2066 (La. 12/6/13), 129 So.3d 534, the first circuit reached a conclusion contrary to its prior line of jurisprudence. Once again, suit was filed as a result of a vehicular accident, which occurred in St. Tammany Parish, but the plaintiff filed suit in St. Bernard Parish. In the St. Bernard Parish suit, plaintiff named the offending driver, Sharon Braud; Braud's insurer, Imperial Fire and Casualty Company; and the plaintiff's own UM insurer, State Farm Insurance Company, as defendants. State Farm was later dismissed from that suit due to settlement. The plaintiff amended the petition to add the governmental defendant, the State of Louisiana, through the Department of Transportation and Development.

The plaintiff also settled with the other remaining defendants and dismissed them from the suit. DOTD excepted to being brought into the St. Bernard suit on the basis of venue. The trial court granted the exception and ordered the case transferred to St. Tammany Parish. DOTD then filed an exception of prescription .

On the DOTD's exception of prescription, the trial court dismissed the plaintiff's suit. In reversing the district court and reinstating the plaintiff's suit, the first circuit stated:

> Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it. *Bailey v. Khoury*, 2004-0620 (La.1/20/05), 891 So.2d 1268, 1275. Prescription may be renounced, interrupted, or suspended. *See* La. C.C. arts. 3449 through 3472.
>
> According to La. C.C. art. 3462, "[p]rescription is interrupted when ... the obligee *commences action* against the obligor, in a court of competent jurisdiction and venue[;]" however, "[i]f *action is commenced* in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period." (Emphasis added.) An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. La. C.C. art. 3463.

7

DOTD argued in its exception that this suit was commenced against it in an improper venue, based on La. R.S. 13:5104(A), which provides:

> All suits filed against the state of Louisiana or any state agency or against an officer or employee of the state or state agency for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the state capitol is located or in the district court having jurisdiction in the parish in which the cause of action arises.

Given that venue was improper with respect to DOTD, DOTD contends that since it was not served within the first year of the accident, under La. C.C. art. 3462, interruption of prescription as to DOTD never occurred, that La. C.C. art. 2324(C) is inapplicable, and that the plaintiff's claims against it are prescribed.

However, the plaintiff contends that it timely commenced the action in a court of competent jurisdiction and venue, that the suit interrupted prescription as to the defendants named therein, and since one (or more) of those defendants are alleged joint tortfeasors with DOTD, La. C.C. art. 2324(C) mandates that interruption of prescription also occurred with respect to DOTD. The plaintiff further argues that under La. C.C. art. 3463, the interruption of prescription has remained in effect because the suit was still pending when it filed the amended petition, and thus, the amended petition was filed within the prescriptive period and his claims are not prescribed. We agree.

According to the plaintiff's petition, both the plaintiff and the defendant, Sharon Braud, were domiciled in St. Bernard Parish, and the accident occurred in St. Tammany Parish. Thus, this action, initially filed in the 34th JDC for the Parish of St. Bernard, satisfied proper jurisdictional and venue requirements when *suit was commenced*. *See* La. Const. art. V, § 16(A) and La. C.C.P. arts. 42(1), 73(A), and 76. With regard to the interruption of prescription, La. C.C. art. 3462 "looks to *whether venue was proper at the time suit was commenced*, not whether venue is currently proper." *Moore v. Kmart Corporation*, 884 F.Supp. 217, 219 (E.D.La.1995); *see also* La. C.C. art. 3463, comment (f) ("[i]ssues of interruption of prescription are determined as of time of filing of the suit sought to be dismissed"). This comports with the standard of strict construction required of prescription statutes and the clear wording of La. C.C. art. 3462, and does not lead to absurd consequences. Accordingly, we find that when the plaintiff commenced suit on November 24, 2008, in the 34th JDC for the Parish of St. Bernard (approximately one month after the accident), prescription was interrupted. *See* La. C.C. art. 3462. Pursuant to La. C.C. art. 2324(C), this interruption of prescription was

effective against all joint tortfeasors. And this interruption continues as long as this suit is pending. *See* La. C.C. art. 3463.

Although the plaintiff's petition was subsequently amended on October 13, 2010, to include DOTD (an alleged joint tortfeasor) as a defendant, and the action then became subject to the mandatory venue provisions set forth in La. R.S. 13:5104(A) and was transferred to the 22nd JDC for St. Tammany Parish (where the accident occurred), this does not change the fact that when the suit was commenced, jurisdiction and venue were proper, and thus, prescription had already been interrupted when the petition was amended.

In this case, we are not presented with the situation where suit was initially commenced in an improper venue. Rather, this suit, when commenced, was filed in a court of proper jurisdiction and venue; however, venue subsequently became improper because of a mandatory venue provision for governmental claims, when DOTD (an alleged joint tortfeasor) was added as a defendant. This is a particularly unusual issue, because in most suits, proper venue as to one joint tortfeasor is usually considered proper venue as to all other joint tortfeasors. *See* La. C.C.P. art. 73. Thus, the jurisprudence on this issue is limited.

The *McKenzie* court goes on to discuss the decision in *Bell* at length. The court opined:

Although we respect the opinions expressed by our brethren in the fifth circuit court of appeal, we disagree with their opinion in *Bell* and decline to adopt their reasoning on this issue. First, we note that the sole issue before the court in *Bell* related to the trial judge's ruling on the issue of prescription as to the second 24 JDC suit; the decision did not disclose the ultimate outcome of either the first 24th JDC suit or of the CDC suit after it was transferred to the 24th JDC, which is the situation more factually similar to the case before us.

Additionally, the fifth circuit, despite noting that "the CDC suit[,] which was brought against the original defendants[,] satisfied proper jurisdictional and venue requirements," *Id.* at 63, failed to recognize that once the suit was commenced in a proper jurisdiction and venue, prescription was interrupted. In concluding that interruption of prescription never occurred, the fifth circuit reasoned that the unique circumstances of this case exposed a conflict between La. C.C. arts. 2324(C) and 3462, and that La. C.C. art. 3462 ultimately controlled, because that article directly addressed the issue of prescription with respect to suits filed in the wrong venue. While we agree with the underlying premise espoused by the court (that where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail, *see Guitreau v. Kucharchuk, M.D.*, 99-2570 (La.5/16/00), 763 So.2d 575, 579), we

9

do not find a conflict between La. C.C. arts. 2324(C) and 3462. Louisiana Civil Code article 3462 sets forth the rule that prescription is interrupted either (1) by filing a suit in a competent court and proper venue, or (2) by service of process within the prescriptive period. Once the interruption of prescription occurs as provided in La. C.C. art. 3462, as between joint tortfeasors, then interruption of prescription is effective against all joint tortfeasors under La. C.C. art. 2324(C). Furthermore, even if there were a conflict between the two articles, we find that La. C.C. art. 2324(C) is the statute directly addressed to the issue of interruption of prescription with regard to joint tortfeasors, whereas La. C.C. art. 3462 simply addresses the interruption of prescription by the filing of suit in general. Thus, in the event of a conflict, La. C.C. art. 2324(C) would ultimately control.

122 So.3d at 51.

"In *McKenzie*, the court also discussed the *Nunnery* case out of the first circuit. It found:

[T]hat *Nunnery* is factually distinguishable from the case before us, and therefore, is inapplicable to this case. Although this court recognized in *Nunnery*, 835 So.2d at 647, that the interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors, this court's decision that the initial suit in Hammond City Court did not serve to interrupt prescription as to the City of Hammond was based solely on the fact that the Hammond City Court ultimately lacked subject matter jurisdiction over the action, that this lack of jurisdiction could not be waived, and that "the parties could not by their consent confer jurisdiction upon the Hammond City Court." *Id.* at 648; *see also* La. C.C.P. art. 3.

In this case, the suit was initially commenced in a court of competent jurisdiction and venue; however, the action subsequently became subject to the mandatory venue provisions of La. R.S. 13:5104(A). Although the venue requirements of La. R.S. 13:5104 are mandatory, they are waivable. *See Franques v. Evangeline Parish Police Jury*, 625 So.2d 157 (La.1993). Thus, the question of commencing an action in a court of proper jurisdiction and commencing an action in a court of proper venue present two very different issues. "Venue provisions are significantly different from jurisdictional provisions." *Underwood v. Lane Memorial Hospital*, 97-1997 (La.7/8/98), 714 So.2d 715, 716.

Accordingly, we find that the plaintiff established that when he commenced suit on November 24, 2008 (approximately one month after the accident) in the 34th JDC for the Parish of St. Bernard against the defendants named therein, jurisdiction and venue were proper. Under the clear language of La. C.C. art. 3462, prescription was thus timely interrupted as to the defendants named therein, *i.e.*, Sharon Braud, Imperial (her liability insurer), and State Farm (the

10

plaintiff's uninsured/underinsured motorist insurer). Because the plaintiff also alleged that Sharon Braud (and her liability insurer) and DOTD are joint tortfeasors, this interruption of prescription as to Sharon Braud (and her liability insurer) was effective against all joint tortfeasors, including DOTD. La. C.C. art. 2324(C). Furthermore, this interruption of prescription continues as long as this suit is pending. *See* La. C.C. art. 3463. Accordingly, when the plaintiff filed the amended petition to include DOTD, prescription had already been interrupted, and thus, the amended petition was timely.

122 So.3d at 52-53 (emphasis in original; footnotes omitted.)

In the instant matter, like in *Rico*, suit was initially commenced with the governmental entities as a parties. As such, as to the governmental entities, the present action did not satisfy proper jurisdictional and venue requirements when suit was commenced in accordance with La.Civ.Code art. 3462. However, we find the reasoning expressed by the *McKenzie* court, in its discussion of *Bell*, to be the more persuasive reasoning on this issue. Like our brethren in *McKenzie*, under the facts of this case, we find no conflict between La.Civ.Code arts. 2324(C) and 3462.

While the governmental entities were named defendants in the original petition filed in Avoyelles Parish, the employee and the city could have waived venue. Unlike the *Nunnery* case, there was no jurisdictional defect in the original filing in the instant matter. Moreover, a UM carrier and a tortfeasor are solidary obligors. See *Kelley v. General Ins. Co. of America*, 14-180 (La.App. 1 Cir. 12/23/14), 168 So.3d 528. Because the suit had been timely filed in a court of proper venue as to State Farm, the suit acted to interrupt prescription as to all joint tortfeasors, including the City, in accordance with La.Civ.Code art. 2324(C), which we conclude, like our brethren in the first circuit, "is the statute directly addressed to the issue of interruption of prescription with regard to joint tortfeasors." *McKenzie*, 122 So.3d at 51. Thus, we find it controls in the instant matter and conclude that the timely filed suit against State Farm acted to interrupt prescription as to all defendants, including the governmental entities, since they are

joint tortfeasors. Therefore, we deny the writ application and affirm the trial court's ruling denying the exception of prescription.

## CONCLUSION

For the reasons above, we conclude the trial court did not err in denying relators' exception of prescription; therefore, we deny the Application for Supervisory Writs.

**WRIT DENIED.**