# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 25-717


**ROBERT K. CLARK AND RONDERICK BOWIE**

**VERSUS**

**BRETT STASSI, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20225645
HONORABLE DAVID MICHAEL SMITH, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**SHANNON J. GREMILLION**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, Jonathan W. Perry, and Guy E. Bradberry, Judges.

BRADBERRY, J., dissents and assigns reasons.


**AFFIRMED.**

**Ben L. Mayeaux**
**Jennie P. Pellegrin**
**Kelsi G. Flores**
**Neuner Pate**
**1001 West Pinhook Road, Suite 200**
**Lafayette, Louisiana 70503**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **State of Louisiana, Department of Public Safety & Corrections**

**Elizabeth Baker Murrill**
**Attorney General**
**Post Office Box 94005**
**Baton Rouge, Louisiana 70804-9095**
**(225) 326-6200**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **State of Louisiana, Department of Public Safety & Corrections**

**Lindsey J. Scott**
**Lindsey Scott Law Firm**
**632 St. Ferdinand Street**
**Baton Rouge, Louisiana 70802**
**(225) 387-2688**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Robert K. Clark**
    **Ronderick Bowie**

**Ronald S. Bryant**
**Frosch, Rodrigue, Arcuir, LLC**
**1615 Poydras Street, Suite 1250**
**New Orleans, Louisiana 70112**
**(504) 592-4600**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Brett Stassi**
    **Mark Cooper**
    **Jordan Ward**

**GREMILLION, Judge.**

Plaintiffs, Robert Clark and Ronderick Bowie, appeal the judgment of the trial court granting the Peremptory Exception of Prescription filed by Defendant, Louisiana Department of Public Safety (DPSC), and dismissing their case with prejudice. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

This matter arises from a January 13, 2021 motor vehicle accident which occurred in Lafayette Parish. Plaintiffs were members of a highway crew working on Interstate 10 when the cone truck they were in was struck by a vehicle attempting to evade police. Plaintiffs filed suit in the Nineteenth Judicial District Court, Parish of East Baton Rouge, on January 13, 2022. Plaintiffs named as Defendants the two Iberville Parish Sheriff's deputies who were pursuing the fleeing vehicle; the Iberville Parish Sheriff; the State of Louisiana, through the Department of Public Safety and Corrections (DPSC); and the four Louisiana State Police Troopers who assisted in the pursuit.

Defendants filed exceptions of improper venue, and, on August 15, 2022, the trial court signed a consent judgment sustaining the exceptions and transferring the lawsuit to the Fifteenth Judicial Court, Parish of Lafayette. On May 15, 2025, DPSC filed an exception of prescription, which was granted by the trial court and dismissed all of Plaintiffs' claims against DPSC with prejudice. Plaintiffs now appeal.

## ASSIGNMENT OF ERROR

The trial court erred as a matter of law in concluding that East Baton Rouge Parish was not a court of competent jurisdiction and venue as to DPSC for purposes of La. C.C. art. 3462 solely because venue was not proper as to all defendants, notwithstanding that La. R.S. 13:5104(A) expressly authorized venue there as to DSPC.

*Exception of Prescription*

"Generally, when prescription is raised by exception, the district court's findings of fact on the issue of prescription are subject to the manifest error standard of review." *Love v. Certain Underwriters at Lloyd's London*, 17-794, p. 3 (La.App. 4 Cir. 3/21/18), 241 So.3d 1121, 1123, *writ denied*, 18-806 (La. 9/21/18), 252 So.3d 905. "However, when an exception of prescription raises a legal question, the judgment granting the peremptory exception is reviewed *de novo*." *Id.*

Plaintiffs' assignment of error relates to whether the filing of this case in the Nineteenth Judicial District Court interrupted the running of prescription, a legal question subject to the de novo standard. Plaintiffs argue that the Nineteenth Judicial District Court was a court of competent jurisdiction and proper venue as to DPSC, thereby interrupting prescription. DPSC contends that, because this case involves multiple Defendants, East Baton Rouge Parish was not a proper venue as to all Defendants to bring this lawsuit; therefore, the original filing of this case in the Nineteenth Judicial District Court did not interrupt prescription, and the trial court correctly found the claim was prescribed.

The accident occurred on January 13, 2021, and suit was filed in the Nineteenth Judicial District Court on January 13, 2022. The applicable prescriptive period in this case is one year. La.Civ.Code art. 3492. Pursuant to a consent judgment, the Fifteenth Judicial District Court has already found that the only parish of proper venue where the action could be brought was Lafayette Parish. Consequently, the matter was transferred from East Baton Rouge Parish to Lafayette Parish.

The general rules of venue are found in La.Code Civ.P. art. 42. However, the exclusive venue provisions for the state, state agencies, and political subdivisions of the state are found in La.R.S. 13:5104. That statute provides the mandatory venue for suits against state agencies, political subdivisions, and their employees and provides:

All suits filed against the state of Louisiana or any state agency or against an officer or employee of the state or state agency for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the state capitol is located or in the district court having jurisdiction in the parish in which the cause of action arises.

All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.

La.R.S. 13:5104(A) and (B).

We have repeatedly held that "a suit against two or more defendants must be filed in a parish of proper venue *as to all defendants*." *D & D Drilling & Expl., Inc. v. XTO Energy, Inc.*, 15-626,15-631, p.2 (La.App. 3 Cir. 5/4/16), 191 So.3d 1166, *writ denied,* 16-1540 (La. 11/18/16), 210 So.3d 285 (emphasis added). Venue in a case with multiple defendants cannot be proper as to some defendants in isolation. Venue is not determined based on individual defendants, but is defined as "*the parish where an action* or proceeding may properly be brought." La.Code Civ.P. art. 41 (emphasis added). Accordingly, venue was only proper in Lafayette Parish, the parish where the cause of action arose. Thus, prescription could not be interrupted by the filing of the suit in the Nineteenth Judicial District Court.

When a petition is filed in a court of improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period. La.Civ.Code art. 3462. Article 3462 addresses suits commenced in the wrong venue and states (emphasis added):

Unless otherwise expressly provided by legislation, prescription is interrupted when the owner *commences action* against the possessor, or when the obligee commences action against the obligor, *in a court of competent jurisdiction and venue*. If action *is commenced* in an incompetent court, *or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period*. If an action is commenced in a competent court of improper venue, prescription is suspended for a period of seven days as to a defendant not served by process within the prescriptive period.

3

Accordingly, prescription could not be interrupted as to any party who was not served within the prescriptive period since suit was filed in the wrong venue. *See Bell v. Kreider*, 03-300 (La.App. 5 Cir. 9/16/03), 858 So.2d 58, *writ denied*, 03-2875 (La. 1/9/04), 862 So.2d 986. There is no dispute that no parties in the present case were served before the end of the prescriptive period.

In *Rico v. Clarke*, 09-1360 (La.App. 1 Cir. 3/26/10), 36 So.3d 309, *writ denied*, 10-958 (La. 6/25/10), 38 So.3d 343, the court reversed the trial court's denial of the city's exception of prescription. In *Rico*, the motor vehicle accident occurred in East Baton Rouge Parish between plaintiff and a Baton Rouge Police Department police officer. Rico filed suit in St. John the Baptist Parish. The suit was eventually transferred to East Baton Rouge Parish. However, the officer and the city filed an exception of prescription because they were not served with the suit during the prescriptive period and prescription was not interrupted by the filing of the suit in St. John the Baptist Parish:

> When a petition is filed in a court of improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period. La. C.C. art. 3462. . . . Since the suit was *commenced* in a court of improper venue, prescription was not interrupted, and the plaintiffs' claims against the City were prescribed. The trial court erred in overruling the City's exception of prescription.

*Id.* at 311 (emphasis added).

Likewise, venue was not proper for any of the defendants in the present case at the *commencement* of the action because Lafayette Parish was the only place of proper venue.

The current situation differs from one in which a party, such as DPSC, is later added as a Defendant, but venue was correct when the suit was initially commenced. In those circumstances, La.Civ.Code art. 2324(C) could apply as it did in *McKenzie v. Imperial Fire & Cas. Ins. Co.*, 12-1648 p. 9–10 (La.App. 1 Cir. 7/30/13), 122 So.3d 42,

4

49–50, *writ denied*, 13-2066 (La. 12/6/13), 129 So.3d 534, where the court stated (bold emphasis added)(footnotes omitted):

> According to the plaintiff's petition, both the plaintiff and the defendant, Sharon Braud, were domiciled in St. Bernard Parish, and the accident occurred in St. Tammany Parish. Thus, this action, initially filed in the 34th JDC for the Parish of St. Bernard, satisfied proper jurisdictional and venue requirements when *suit was commenced*. See La. Const. art. V, § 16(A) and La. C.C.P. arts. 42(1), 73(A), and 76. With regard to the interruption of prescription, La. C.C. art. 3462 "looks to *whether venue was proper at the time suit was commenced, not whether venue is currently proper*." *Moore v. Kmart Corporation*, 884 F.Supp. 217, 219 (E.D.La.1995); see also La. C.C. art. 3463, comment (f) ("[i]ssues of interruption of prescription are determined as of time of filing of the suit sought to be dismissed"). This comports with the standard of strict construction required of prescription statutes and the clear wording of La. C.C. art. 3462, and does not lead to absurd consequences. Accordingly, we find that when the plaintiff commenced suit on November 24, 2008, in the 34th JDC for the Parish of St. Bernard (approximately one month after the accident), prescription was interrupted. See La. C.C. art. 3462. Pursuant to La. C.C. art. 2324(C), this interruption of prescription was effective against all joint tortfeasors. And this interruption continues as long as this suit is pending. See La. C.C. art. 3463.
>
> Although the plaintiff's petition was subsequently amended on October 13, 2010, to include DOTD (an alleged joint tortfeasor) as a defendant, and the action then became subject to the mandatory venue provisions set forth in La. R.S. 13:5104(A) and was transferred to the 22nd JDC for St. Tammany Parish (where the acciden occurred), **this does not change the fact that when the suit was commenced, jurisdiction and venue were proper, and thus, prescription had already been interrupted when the petition was amended.**
>
> In this case, we are not presented with the situation where suit was initially commenced in an improper venue. Rather, this suit, **when commenced**, was filed in a court of proper jurisdiction and venue; however, venue subsequently became improper because of a mandatory venue provision for governmental claims, when DOTD (an alleged joint tortfeasor) was added as a defendant. This is a particularly unusual issue, because in most suits, proper venue as to one joint tortfeasor is usually considered proper venue as to all other joint tortfeasors. See La. C.C.P. art. 73. Thus, the jurisprudence on this issue is limited.

Under that fact scenario, if venue was correct regarding the initially named defendants, the later addition of DPSC for whom venue would be correct in another location allows for the interruption of prescription relating back to the initial filing if DPSC is a joint tortfeasor.

5

The issue of whether DPSC is a joint tortfeasor pursuant to La.Civ. Code art. 2324(C)("Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors") is not relevant because prescription was not interrupted against *any* tortfeasor since venue was incorrect for all named defendants, and no defendant was served within the prescriptive period. Accordingly, the judgment of the trial court that sustained the DPSC's exception of prescription is affirmed.

## DECREE

For the reasons set forth in this opinion, we affirm the trial court's grant of the exception of prescription in favor of the Department of Public Safety and Corrections. Costs in the amount of $1305.73 are assessed to the Plaintiffs-Appellants, Robert Clark and Ronderick Bowie.

**AFFIRMED.**

**ROBERT K. CLARK AND RONDERICK BOWIE**
**VERSUS**

**BRETT STASSI, ET AL.**


**BRADBERRY, Judge, dissents and assigns reasons.**

I respectfully dissent.

Plaintiffs rely on *Akins v. Parish of Jefferson*, 539 So.2d 44 (La.1989). In *Akins*, five separate lawsuits were consolidated. In two of the cases, suit was filed within the prescriptive period, but service was not perfected until after that date. The defendants filed an exception of prescription, arguing that because venue was not proper in those cases based on La.R.S. 13:5104, the claims were prescribed.

The supreme court originally found that "[b]ecause suit was filed in a parish of improper venue as to some defendants . . . prescription was not interrupted by the suit until each of those defendants was served." *Akins*, 539 So.2d at 44. On rehearing, however, the supreme court reversed itself and found that "because venue was proper as to other defendants who were solidary obligors, prescription was interrupted as to *all* solidary obligors by the timely filing of suit." *Id*. As the basis for this opinion, the supreme court cited La.Civ.Code art. 1799, which states, "The interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs."

*Akins* was decided prior to the Tort Reform Act of 1996. In Act 3 of the Tort Reform Act of 1996, the Louisiana legislature amended both La.Civ.Code arts. 2323 and 2324(B). See *Shephard ex rel. Shephard v. Scheeler*, 98-1035, 98-1036, 98-1037, 98-1038 (La.App. 4 Cir. 12/9/98), 731 So.2d 302. "The 1996 amendment

deleted solidarity and provided that in applicable cases liability among tort-feasors shall be a joint and divisible obligation, and a joint tort-feasor shall not be liable for more than his degree of fault." *Id.* at 303.

Louisiana Civil Code Article 2324(A) states that "[h]e who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act." "If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation." La.Civ.Code art. 2324(B).

The legislature enacted Louisiana Civil Code Article 2324(C) as part of the Tort Reform Act of 1996. It follows the language of La.Civ.Code art. 1799 and states, "Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors."

It is well-established that "prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it; thus, of two possible constructions, that which favors maintaining, as opposed to barring an action, should be adopted." *Wells v. Zadeck*, 11-1232, pp. 6–7 (La. 3/30/12), 89 So.3d 1145, 1149. "Laws of limitation, which are in derogation of the general rights of tort victims, are to be strictly construed if there are any ambiguities in the law." *David v. Our Lady of the Lake Hosp., Inc.*, 02-2675, p. 11 (La. 7/2/03), 849 So.2d 38, 47.

Reading the Louisiana Supreme Court's decision in *Akins* and La.Civ.Code art. 2324 together, and using a strict construction, I would find that prescription was interrupted by the filing of this suit in the Nineteenth Judicial District Court.